STATE APPEAL BOARD, Petitioner, v. DISTRICT COURT of Pottawattamie County, JOHN P. TINLEY, Judge, Respondent.

No. 44336.

JUNE 21, 1938.

REHEARING DENIED SEPTEMBER 23, 1938.

John H. Mitchell, Attorney General, Charles W. Wilson, Asst. Attorney General, and Charles Bookin, Spec. Asst. Attorney General, for petitioner.

Daniel T. Sullivan, for respondent.

ANDERSON, J.— The only question which we are called upon to determine in this case, in considering the merits, is as to the proper venue of an action questioning the decision of the State Appeal Board; and this seems to be so important that the question as to the method or procedure of presenting it to this court will not be considered. By this we mean that we do not approve of presenting a question of this kind in certiorari. Morrison v. Patterson, 221 Iowa 883, 267 N. W. 704, and cases therein cited, and dissenting opinion in State ex rel. v. District Court, 213 Iowa 822, 238 N. W. 290, 80 A. L. R. 339, and cases cited. However, as we have indicated, the appeal could be disposed of by a holding that certiorari is not the proper method of presenting the question here involved, yet, we are disposed to dispose of the question involved as though it were properly before us on appeal.

The 47th General Assembly, ch. 91, amended ch. 24 of the 1935 Code commonly known as the "Local Budget Law", which, as amended, provides that no tax shall be certified or levied by any municipality until certain estimates have been made and filed showing the amount proposed to be raised by taxation for the various funds and a comparison of the proposed amounts with the levies for the two preceding years. It also provides for the time of filing such estimates; that the estimates must be itemized and contain the estimated amount of tax collections. Such estimates must be filed with the secretary or clerk of the municipality; a time fixed for a hearing thereon and a public notice of such estimate, and the time and place of the hearing. At the date of such hearing any person who would be subject to the tax levy shall be heard in favor of or against the same or any part thereof. After such hearing has been concluded and the decision of the certifying board made, the same shall be certified to the levying board, which shall enter upon the current assessment roll the amount of the taxes which shall be levied for the ensuing year. Provision is made for appeal from the decision of the certifying or levying board by persons affected by any proposed budget or levy, by filing with the county auditor of the county within which such municipality is located a written protest setting out further their objections to the action of the board, and upon the filing of such protest the county auditor shall transmit to the "State Board" copies of the written protest together with the budget, proposed tax

levy, or other matter to which objections have been made. The Act further provides that within a reasonable time after the filing of the above the State Board shall fix a date for a hearing on the protest and designate a deputy to hold such hearing, which hearing shall be held in the county in which such municipality is located. Notice of the time and place of such hearing shall be given to the executive officers of the municipality and to the first ten protesters. It is provided that at such hearing. the burden shall be upon the objectors with reference to items of the budget which were included the previous year and which it is proposed should be reduced; but the burden shall be upon the certifying board or the levying board to show that any new item in the budget is necessary and in the interest of public welfare. Provision is made for the employment of stenographer and the making of a transcript of the proceedings of the hearing, which transcript *may* be filed with the State Board.

The Act further provides for the creation of the "State Appeal Board" consisting of the Comptroller, Auditor of State and Treasurer of State. The Act further provides that the State Board shall review and finally pass upon all proposed budget expenditures, tax levies and assessments from which appeal is taken and shall have power to approve, disapprove or reduce all proposed budgets and tax levies so submitted to it upon appeal. After a hearing upon such appeal the State Board shall certify its decision to the county auditor "and such decision shall be final." The county auditor shall make up his records in accordance with such decision and the levying board shall make its levy in accordance therewith.

The foregoing procedure was followed in the matter of the proposed budget and levy of taxes for the Independent School District of Council Bluffs in Pottawattamie County, Iowa. Appeal was taken from the action of the school board in fixing its budget and determining its levy, by fifty-four property owners objectors, by filing protest with the county auditor as provided by the Local Budget Law. Copies of the protests and of the proposed budget were filed by the county auditor with the State Appeal Board and that board designated an agent, as provided by law, to proceed to Council Bluffs and conduct a hearing. Notice was served by the said appeal board fixing the hearing to be held at the regular meeting place of the school board in Council Bluffs, Pottawattamie County, Iowa, on September 27, 1937. This notice

was served as provided by law and the hearing held by the agent of the appeal board on the date fixed for such hearing. A report of this hearing was made by the special agent to the said Appeal Board. No member of the Appeal Board appeared at the hearing in Council Bluffs and neither the School Board or the protesters appeared in any hearing or review before the State Appeal Board at Des Moines. The State Appeal Board, after considering the report of its agent as to the hearing held at Council Bluffs, made a decision reducing the amount of the budget and levy, as determined by the school board, some $35,000 and filed a copy of such decision with the county auditor and board of supervisors of Pottawattamie County, Iowa, and upon the receipt of such decision the county auditor notified the School Board and the protesters of the filing of such decision. Thereafter the Independent School District of Council Bluffs instituted an action in certiorari in the District Court of Pottawattamie County against the State Appeal Board. Prior to the time for answer the State Appeal Board, defendant in the certiorari proceeding, filed its application for a change of venue to the district court of Polk County, Iowa. Resistance was filed to such motion and the district court of Pottawattamie County overruled the motion for a change of venue. It is from this ruling that this appeal is prosecuted.

The appellant here contends that the motion for change of venue should have been sustained because the action was against public officers and the statute (section 11036) provides that actions against public officers, for an act done in virtue or under color of their office, must be brought in the county where the cause or some part thereof arose. And the sole question to be determined here is: Did the original action or proceeding involving the correctness of the proposed levy and budget of the school board, or any part thereof, arise in Pottawattamie County, Iowa?

The appellant relies upon the fact that the order of the State Appeal Board, of which the school district now complains, was in fact made in Polk County and that therefore the cause of action wholly originated in Polk County, and the appellant relies upon the case of College of Physicians v. Guilbert, 100 Iowa 213, 69 N. W. 453, as sustaining its position in the instant case. We do not think the Guilbert case is parallel at all with the case under consideration. In that case the board of medical

examiners refused to recognize the College of Physicians at Keokuk as being in good standing and refused to recognize their diplomas and degrees as legal. The College brought an action to compel the State Medical Board to recognize the College as in good standing and to hold its diplomas and degrees legal. This case was instituted in Lee County, Iowa, and it appears that no member of the Board of Medical Examiners was in Lee County in connection with the matter of the standing of the College, and that no act of the Board of Medical Examiners took place other than in the County of Polk, Iowa. Under those circumstances this court held that the venue against such board and its action was necessarily in Polk County. We do not think the case is at all controlling, and it seems to be the only case in this state directly passing upon the question herein involved.

It must be noticed that in the instant case the State Appeal Board could not of its own accord perform any act under the Local Budget Law, as amended, without the required number of tax payers had started a local action in the nature of a special proceeding, as was done in the instant case. Not until the school board had filed with the county auditor its budget and proposed levy and the required number of persons had protested, was there any proceeding of which the State Appeal Board could take notice or jurisdiction, and it was from the proceeding thus started in Pottawattamie County that the State Appeal Board could take jurisdiction and institute a review. Following the provisions of the statute the chairman of the State Appeal Board issued and signed notices fixing the time and place of the hearing on review and caused the same to be served on the president of the school board and the first ten protesters, as provided by law, and, in accordance with the fixing of such time and place and the service of said notice, hearing was had in the office of the school board at Council Bluffs, Iowa, on September 27, 1937.

It seems reasonable that the action of the appeal board in fixing the time and place of hearing, serving the notices thereof, and causing its agent to conduct the hearing at Council Bluffs constitutes a very definite act on the part of the appeal board in Pottawattamie County, Iowa. Such jurisdiction was continued in Pottawattamie County by the return and filing with the county auditor of the decision on review of the State Appeal Board. It would seem that the final entry of the Appeal Board

was made in Pottawattamie County instead of Polk County, as claimed by appellant. It must be true that there was no definite effective decree or judgment of the Appeal Board until its finding on review was filed with the County Auditor of Pottawattamie County. It would seem, without room for argument, that the original action was between protesting tax payers of Pottawattamie County and the Board of the Independent School District of Council Bluffs. And up until a final hearing on review it cannot be said that the cause of action or any part thereof arose in any county other than Pottawattamie, and if we are correct in this conclusion, then the district court was not in error in denying plaintiff's motion for a change of venue. Argument is made along the line that the members of the State Appeal Board are state officers, required to maintain their offices at the State Capitol, and that they could not properly meet the responsibilities of their respective offices if they are constantly required to absent themselves therefrom and defend actions of the kind here involved in counties other than that in which the State Capitol is located. There is not much of an argument to this proposition. Had the action been brought in Polk County and tried there it would be necessary for the state officers composing the Board to absent themselves from their offices for practically the same length of time that it would be necessary for them to attend court in some other county; and from the issues raised, as disclosed by the pleadings, it probably will be absolutely unnecessary for any member of the Appeal Board to appear during the trial of the case in Pottawattamie County. As we have said, this was originally an action between fifty-four protesters and tax payers of Pottawattamie County and the Independent School District of Council Bluffs. It certainly would be more expensive and more inconvenience would occur to require the School Board, with its records, and the fifty-four objectors to appear in Polk County to try the case than it would require the state officers to appear in Pottawattamie County. And it is the School District and the tax payers in Pottawattamie County who are interested in the final determination of the issues involved, and the State Appeal Board simply acting as a reviewing tribunal is certainly not interested as are the other parties to the litigation.

We are constrained to hold that the District Court of Pottawattamie County did not err in overruling the appellant's

302

motion for a change of venue, and that the venue of the instant action was properly laid in Pottawattamie County, Iowa.—Writ annulled and action of trial court affirmed.

MITCHELL, HAMILTON, KINTZINGER, DONEGAN, RICHARDS, SAGER, and MILLER, JJ., concur.