**Kenneth R. SIMONS, Appellee,**

v.

**MUNICIPAL FIRE AND POLICE RETIREMENT SYSTEM OF IOWA, Appellant.**

No. 00–1440.

Supreme Court of Iowa.

June 12, 2002.

Alice E. Helle and Douglas E. Gross of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, for appellant.

Thomas M. Walter of Johnson, Hester, Walter & Breckenridge, L.L.P., Ottumwa, for appellee.

NEUMAN, Justice.

This interlocutory appeal asks whether, in a certiorari action challenging an award of disability benefits under the Municipal Fire and Police Retirement System (System), venue is proper in the officer's county of residence or in the county where the retirement system adjudicates the controversy and renders its decision. Because the administrative hearing was based on facts arising in the officer's county of residence, the district court found venue was proper there. For the reasons that follow, we reverse.

## I. Background Facts and Proceedings.

The pertinent facts are undisputed. After retiring from the Fairfield, Iowa police force in February 1999, Kenneth Simons applied for accidental disability benefits from the System pursuant to Iowa Code chapter 411 (1999). The System rejected Simons' claim for *accidental* disability benefits, awarding him only *ordinary* disability benefits. Simons then filed an appeal challenging the award. An evidentiary hearing was held in Polk County before the System's disability appeals committee. Simons as well as other representatives of the City of Fairfield appeared at the hearing. The committee ultimately rejected Simons' claim, a decision ratified by System board members at a meeting held in Polk County.

■ Because Iowa Code chapter 411 contains no appellate procedure, a municipal police officer or firefighter who seeks to challenge a pension benefit decision must do so by way of certiorari. *Chiafos v. Mun. Fire & Police Ret. Sys.*, 591 N.W.2d 199, 201 (Iowa 1999); *City of Carroll v. Mun. Fire & Police Ret. Sys.*, 554 N.W.2d 286, 288 (Iowa App. 1996). Simons did so here, filing his petition in the Iowa District Court for Jefferson County. He alleged that the System acted illegally or in excess of its authority in determining the proper benefits due. Before answering, the System moved for a change of venue from Jefferson to Polk County. The district court denied the motion, and we granted the System's application for interlocutory appeal to consider its challenge to the court's ruling.

## II. Analysis.

The System board members, appointed in accordance with Iowa Code section 411.36, are public officers. So, Iowa Code section 616.3 controls the question of venue. The venue statute provides:

> Actions for the following causes must be brought in the county where the cause, or some part thereof, arose:
>
> . . . .

2. *Against public officers.* Those against a public officer or person specially appointed to execute the public officer's duties, for an act done by the officer or person in virtue or under color of the public office, or against one who by the officer's or person's command or in the officer's or person's aid shall do anything touching the duties of such officer, or for neglect of official duty.

The question is where Simons' certiorari action, "or some part thereof, arose." The System urged in the district court, and argues on appeal, that venue is proper in Polk County, the only place where the System heard and acted on Simons' case. Simons counters, and the district court ruled, that "some part of" the cause of action arose in Jefferson County—the place where he worked as an officer, his claim for benefits arose, and all relevant witnesses reside.

The parties debate the controlling authority, citing two leading cases on the point—*College of Physicians & Surgeons of Keokuk v. Guilbert,* 100 Iowa 213, 69 N.W. 453 (1896) and *State Appeal Board v. District Court of Pottawattamie County,* 225 Iowa 296, 280 N.W. 525 (1938). In *Guilbert*—relied on by the System—this court considered a medical college's challenge to the acts of the State Medical Board in withholding certificates of graduation. The college, located in Lee County, prevailed at trial on its claim that because a committee of the medical board undertook an investigation there and addressed its concerns via letters to the full board, "some part of this cause of action arose in Lee County." 100 Iowa at 216, 69 N.W. at 454. On appeal this court disagreed, holding that the "illegal act" about which the college complained was the medical board's final decision to withhold diplomas—a decision made in Polk County—not the committee's recommendations flowing from Lee. *Id.* at 217–18, 69 N.W. at 455. Thus venue was proper in Polk, not Lee County. *Id.* at 219, 69 N.W. at 455.

Simons relies, conversely, on the decision in *State Appeal Board.* There, in keeping with what was known as the "Local Budget Law," hearings to protest municipal tax levies were required to be held "in the county in which such municipality is located." *State Appeal Bd.,* 225 Iowa at 297, 298, 280 N.W. at 526. Thus the State Appeal Board set the required hearing in Pottawattamie County and assigned a deputy to preside; no member of the Board attended the hearing. *Id.* at 298–99, 280

N.W. at 526. Later, after the appeal board's decision was considered and rendered in Polk County, a dispute arose over venue for the certiorari action that followed.[1] *Id.* at 299, 280 N.W. at 527. In determining which "acts" gave rise to the cause of action, we focused on the location of the appeal proceedings, rather than the location of the Board's final decision, as we did in *Guilbert.* We held the "appeal board in fixing the time and place of hearing, serving the notices thereof, and causing its agent to conduct the hearing at Council Bluffs constitutes a very definite act ... in Pottawattamie County." *Id.* at 300, 280 N.W. at 527.

Simons argues *State Appeal Board* dictates that Jefferson County controls venue for this action. However *State Appeal Board* is factually and procedurally distinguishable from *Guilbert.* The action in *State Appeal Board* was initiated by the filing of a protest with the auditor of Pottawattamie County and, by statute, all proceedings were filed there, including the Board's final decision. By contrast to *Guilbert*—an action in certiorari challenging the medical board's conduct in Polk County—clearly "some part of" the cause of action in *State Appeal Board* arose in Pottawattamie, justifying venue there.

 Here, no proceedings were held, or required to be held, in Jefferson County. Instead, the tribunal was located in Polk, all prior proceedings were held there, and it was in Polk that a final decision was rendered. Plainly the alleged "illegal acts" challenged by Simons occurred in Polk County, not Jefferson County, notwithstanding the fact that Simon's benefits, if any, were earned there. *See Perkins v. Bd. of Supervisors,* 636 N.W.2d 58,

64 (Iowa 2001) (issue on certiorari is whether decision maker acted illegally); *Guilbert,* 100 Iowa at 218, 69 N.W. at 455 (cause of action in certiorari arises in location where harm, i.e., alleged illegal action, is done). Thus, under section 616.3, proper venue for this certiorari proceeding is in Polk County, not Jefferson. We therefore reverse the contrary decision of the district court and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

All justices concur except STREIT, J., who takes no part.

---

1. We noted that, due to the nature of the case, it was not properly brought as a certiorari action so we treated it, instead, as an appeal. *State Appeal Bd.,* 225 Iowa at 297, 280 N.W.

at 525. That procedural detail may further explain the difference in outcome from *Guilbert.*