THE BURLINGTON GAS LIGHT COMPANY, Appellant, v. THE CITY OF BURLINGTON AS A BOARD OF EQUALIZATION, and THE COUNTY OF DES MOINES.

**Taxation: RETURN OF ASSESSOR'S BOOK:** *Construction of statute.*
2 Code, section 825, providing that "each assessor shall, on or before the first Monday in April of each year, deliver to the clerk of his township one of his assessment books to be used by the trustees for the equalization of the assessment," is not mandatory; and, hence, a tax payer cannot complain of delay in delivering the assessment book, if he had an opportunity to present his objections to the board of equalization, after the delivery thereof.

**APPEARANCE BEFORE THE BOARD OF EQUALIZATION:** *Committees.*
1 The board of equalization met on the first Monday in April, accord-
3 ing to law, and, the assessor's books not being completed, adjourned to May 1. On that day they met and appointed a committee to hear objections and to report. Six days later, at a special session, the report of the committee approving of the assessment was

adopted. *Held*, that a taxpayer who did not appear at the meeting on May 1, and present his objections, could not complain of the assessment, or of the procedure of the board in appointing a committee, instead of hearing objections itself

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

THURSDAY, APRIL 8, 1897.

THIS is an appeal from the action of the Board of Equalization of the city of Burlington. There was a decree dismissing the plaintiff's bill, and judgment was rendered against it for costs. Plaintiff appeals.— *Affirmed.*

*P. Henry Smyth* and *A. M. Lewald* for appellant.

*La Monte Cowles* and *C. C. Clark* for appellees.

KINNE, C. J.—I. Plaintiff filed its petition in the district court of Des Moines county, in which it alleged that the assessor of the city of Burlington had fixed too high a valuation upon its property; that plaintiff had appeared before the Board of Equalization of said city, stated its grievances, and asked to have said assessment reduced and equalized, which request had been refused; and prayed the court to grant such relief. Thereafter an amendment was filed, making its complaint a petition in equity, and asking a reduction of the assessment from fifty-eight thousand five hundred dollars to thirty thousand dollars. To this petition and amendment the defendant answered, denying every allegation, and averring that the assessment of fifty-eight thousand five hundred dollars was reasonable. Afterwards plaintiff amended its petition, alleging that the city council met as a Board of Equalization on the first Monday in April, 1893, being April 3, 1893; that the assessor

reported his list not complete; that he was given until May 1, to complete his list, and said board adjourned. On the latter date the Board of Equalization met and appointed a finance committee to act as an advisory board. On May 6, the council met in special session as a board of equalization, received the report of the advisory board, and approved the assessment as made by the assessor. Plaintiff claims that when the board adjourned on April 3, 1893, it was not to a fixed date, and plaintiff had no notice at what time it would meet, and did not know that said board was to meet on May 1, 1893. It is alleged that the city council did not, during the year 1893, have a legal session as a board of equalization, nor sit as such a board, and therefore plaintiff was deprived of a right to appear and make complaint; that it did appear before said committee, but said committee was without lawful authority to act. Still later the petition was further amended by alleging the assessment of the property; that it was extended upon the tax lists; that it was exorbitant; that said city council did not meet as a board of equalization, and plaintiff was deprived of an opportunity to object to said assessment. It was prayed that said assessment might be declared void, and the collection of the tax enjoined. Defendants filed an answer in denial of all the allegations of the amendments. The record shows that at the proper time the city council met as a board of equalization; that, the assessment lists not being complete, the assessor was granted until May 1, 1893, to complete them; and that said board adjourned until that time. The board met May 1, 1893, and appointed the finance committee "to act as advisory committee, and to sit as a board of equalization." The board then adjourned to meet from day to day until the equalization was complete. There was no other meeting of the council as a board of equalization until May 6, 1893, which was a special

meeting, called to act upon the report of the committee. The committee made a report finding the assessment as reported by the assessor correct, and approving the same, and adjourned *sine die*. The plaintiff appeared before the committee, and objected to its assessment, it had no notice of the meeting of May 6, 1893. Upon this record it is claimed that the assessment of plaintiff was invalid, because (1) the assessor did not complete his lists and deliver them at the time required by law; (2) that plaintiff was denied an opportunity to be heard to object to its assessment. Still other questions are involved in those above stated.

Our statute provides that "each assessor shall on or before the first Monday in April of each year deliver to the clerk of his township one of the assessment books, to be used by the trustees for the equalization of assessments. * * *" Code, section 825. It is also provided that the city council shall meet at the office of the city clerk on the first Monday in April of each year as a board of equalization, and continue from day to day until the work is completed. Section 831 of the Code, provides that any person who may feel aggrieved at anything in the assessment of his property, may appear before said board, and have the same corrected in such manner as the board may deem just and equitable. It is said that the provisions requiring the assessor to deliver his book on or before the first Monday in April is mandatory. We do not so regard it. The object of the statute was to have the assessor's list before the council when sitting as a board of equalization. If it was in fact complete, and before them when so sitting, and the plaintiff was not prejudiced by the delay, it cannot complain. If the plaintiff had an opportunity to be heard to object to its assessment, it is immaterial that the assessor's book was not completed and

delivered on the day fixed. *French v. Edwards*, 13 Wall. 506; *Easton v. Savery*, 44 Iowa, 654; *Hill v. Wolfe*, 28 Iowa, 577. It does not appear that any assessments were made after the time fixed by statute for the return of the assessment.

II.   Did the council meet as a board of equalization, and was plaintiff afforded an opportunity to be heard as to the assessment made against it? It is without dispute that the council met as a board of equalization at the time fixed by law; that, the assessor's book not being completed, they adjourned until May 1, 1893. The plaintiff was bound to take notice of the fact that the law required the council to meet on the first Monday in April as a board of equalization. True, the law contemplates that the board shall be in session from day to day until their labors are finished. But such meetings from day to day between the first Monday in April and the first day of May in this instance would have afforded the plaintiff no opportunity to be heard, as the book was not completed until the latter date. The meeting on May 1, 1893, was a continuation of the April meeting, and at this latter date the plaintiff could have been heard. Its assessment was then complete, and on the book. It did not appear at said meeting, or ask to be heard. Such being the case, it is in no situation to claim that it has been deprived of an opportunity to be heard.

We are not called upon to determine as to whether the board had a right to appoint a committee to hear complaints, and report to it, or whether the board, as such, must sit, and hear such complaints. But see *Ingersoll v. City of Des Moines*, 46 Iowa, 554. We need not discuss other matters. What we hold is that the plaintiff, having had an opportunity to be heard by the city council sitting as a board of equalization, cannot be heard to complain that the council did at the

same meeting appoint a committee to hear objections to assessments, and to report to it. The decree of the district court is AFFIRMED.