HAWKEYE LUMBER COMPANY v. BOARD OF REVIEW OF THE CITY OF OSKALOOSA, IOWA, and the CITY OF OSKALOOSA, IOWA, Appellants.

**Municipal corporations:** BOARD OF REVIEW: APPEAL: SERVICE OF NOTICE.
1  While the mayor is the presiding officer of a city council, it may, when sitting as a board of review, select a different presiding officer; and where this has been done the service of notice upon such officer is sufficient to perfect an appeal from the action of the board.

**Same:** APPEAL: TIMELINESS. The statute providing that the board of
2  review shall perform its duties not later than May 1, 1914, is directory only; and where the board did not complete its sittings until after the first of May, an appeal from its action taken within twenty days from final adjournment was timely, although more than twenty days after the first of May.

*Appeal from Mahaska District Court.*—HON. B. W. PRESTON, Judge.

THURSDAY, OCTOBER 23, 1913.

MOTION to dismiss appeal from an order of the Board of Review, raising plaintiff's assessment, was overruled. The defendants appeal.—*Affirmed*.

*McCoy & McCoy,* for appellants.

*Irving C. Johnson,* for appellee.

LADD, J.—I. The stock and merchandise of the Hawkeye Lumber Company was assessed at $12,500 by the assessor of the city of Oskaloosa, and this was raised to $16,000 by the

1. MUNICIPAL CORPORATIONS: board of review: appeal: service of notice.

board of review. The company undertook to appeal therefrom to the district court by having service of notice of appeal acknowledged by J. W. La Follett, a member of the council, who had been elected "chairman or president of the board of review for the year 1912," at the meeting of that body on April 1, 1912. One ground of the motion to dismiss the appeal was that notice of appeal should have been served on the mayor. Section 1373 of the Code Supplement provides that "appeals may be taken from the action of the board with reference to such complaints (of parties aggrieved) to the district court of the county in which such board holds its sessions, within twenty days after its adjournment. Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, and served as an original notice." Section 1370 of the Code declares that the city council shall constitute the local board of review, but does not indicate who shall preside. Paragraph 5 of section 658 of the Code Supplement enacts that "he (the mayor) shall be the presiding officer of the council with the right to vote only in case of a tie."

Though acting in a different capacity, the personnel of the city council and board of review are the same, and the

mayor is presumed to have been the presiding officer of the board of review as he is of the council, unless the contrary appears of record, and that is all that was held in *Frost v. Board of Review*, 113 Iowa, 547. In this case, the record disclosed affirmatively that he was not the presiding officer of the board of review, but that La Follett was chairman thereof during the period of its official existence in 1912. This being so, he was the person plainly designated in the language of the statute quoted upon whom to serve the notice of appeal. In naming the chairman or presiding officer of the board as the person upon whom to serve such notice, the lawmakers recognized the power of the board of review to select some one other than the mayor to preside at its meetings, and, having done so, and this appearing of record, the notice of appeal should be served upon him rather than the mayor.

II. Service of the notice of appeal from the action of the board of review in raising the assessment was not acknowledged until May 29, 1912. Under the statute quoted, the appeal must have been taken within twenty days after the adjournment of that body.

2. SAME: appeal: timeliness.

Section 1370 of the Code provides that "the board shall meet on the first Monday of April, at the office of the township, city or town clerk or recorder, and sit from day to day until all its duties are completed which shall not be later than the first of May" and adjust the assessments. As service of the notice of appeal was acknowledged on May 29th, more than twenty days after the board of review should have completed its work, appellants contend the appeal was not taken in time, and should have been dismissed. On the other hand, appellees argue that final action was not taken by the board of review, and it did not adjourn until May 23, 1912, and that the statute should be construed as directory, and that if so construed, the appeal was within the time prescribed. The minutes of the various meetings of the board disclose that on April 17th a motion that "the Hawkeye Lumber Company be

raised from $12,500 to $16,000'' was carried.   Two days later, a more formal resolution to the same effect was adopted and April 25th fixed as the day on which objections thereto and to other increases of assessment would be heard.   Notice was served on the company as directed by statute, and it appeared through its manager and on April 26th interposed objections. On April 30, 1912, a resolution fixing assessments, including that of this company, was adopted, but at the same meeting the mayor was ''instructed to secure expert, and have stock of Hawkeye Lumber Company invoiced,'' and on the same day it was resolved that ''the board do now adjourn to the 16th day of May, 1912, at 2 p. m., to consider the Hawkeye Lumber Company's assessment.''   On May 23, 1912, it was resolved ''that the assessment of the Hawkeye Lumber Company be placed and raised from $12,500 to $16,000.''   Final adjournment was taken then within twenty days prior to the acknowledgment of service of the original notice; and, unless the board of review was without authority to continue its meetings after May 1st, the motion to dismiss was rightly overruled.   This depends on whether the statute shall be construed as directory or mandatory.   We know of no general rule by which to test a statute in this respect.   The issue does not depend on the form of the statute, but upon the intention of the Legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other.   36 Cyc. 1157.   Ordinarily statutes which are for the guidance of officers in the conduct of business devolving upon them, designed to secure order, system, and dispatch in the proceedings, and in the disregard of which the rights of persons interested cannot be injuriously affected, are held to be directory. *Easton v. Savery,* 44 Iowa, 654; *Hubbell v. Polk County,* 106 Iowa, 618.

If, however, the language of such a statute is accompanied by negative words importing that the act or acts required shall not be done in a manner or at a time other than

that prescribed, it must be construed as mandatory. Judge Cooley, after reviewing the decisions, lays down the rule as follows: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to a proper, orderly, and prompt conduct of business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and, if the act is performed, but not in the time or in the precise mode indicated, it may still be sufficient if that which is done accomplished the substantial purpose of the statute. But this rule presupposes that no negative words are employed in the statute which expressly or by necessary implication forbid the doing of the act at any other time, or in any other manner than as directed." Cooley, Constitutional Limitations (5th Ed.), page 92.

In 2 Sutherland on Statutory Construction, section 611, the author concludes, after quoting from the cases, that: "Unless a fair consideration of a statute, directing the mode of proceeding of public officers, shows that the Legislature intended compliance with the provision in relation thereto to be essential to the validity of the proceeding, it is to be regarded as directory merely. Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by the failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purposes of the statute."

Negative terms are quite generally treated as indicative of a legislative intent that the provision shall be imperative (*State v. Russell,* 90 Iowa, 572; *Starling v. Bedford,* 94 Iowa, 194), but as is stated in 26 Am. & Eng. Ency. of Law (2d Ed.) 689: "As a rule of universal application, this cannot be relied on, as provisions framed in negative language have

been adjudged to be directory merely. Nevertheless, it is undoubtedly true that a design to make a provision merely directory is more rarely to be found under negative words." Where a negative is not construed to indicate the imperative, this is generally because of the consequences. Thus in *Company of Proprietors of Margate Pier v. Hannau,* 3 B. & Ald. 266, the act provided "that no person or persons to be named in such commission shall be thereby or by this act authorized to act as a justice of the peace, unless he shall have such qualifications as will authorize him to act for a county, and unless he shall have taken and subscribed the oaths, and delivered in at some General Sessions to be holden in some one of the Cinque Ports, the certificate respectively required to be taken and subscribed and delivered in by persons qualifying themselves to act for counties." One Dyson had omitted to deliver the certificate and to take oath at the General Sessions of any of the Cinque Courts, and his acts were held to be valid notwithstanding another act declared that no person shall be capable of being a justice unless so qualified, and that, if one so act, he be fined. This was because of the consequences of any other conclusion; the court upholding the acts as valid, but saying the justice might be punished. While the language of the statute under consideration is negative in form—"not later than the first of May"—it imports no more than had it read, "within the month of April," and numerous authorities may be found holding that a statute requiring that the particular act be done on or before a day mentioned, or within a designated number of days after a specified event, is to be regarded as directory. See 1 Cooley on Taxation, page 486, and cases cited in footnote. Thus a statute required that the "city council of each municipal corporation is required to cause to be certified to the county auditor on or before the first Monday of September of each year, the per cent. or number of mills on the dollar of taxes levied for all city purposes by them on the taxable property within said corporation for the year next ensuing, as shown by the assessment

roll of the city for the said year." The certification of such taxes to the Auditor September 24th was held to be in time. *Taylor v. McFadden,* 84 Iowa, 262. In *Burlington Gas Light Company v. City of Burlington,* 101 Iowa, 458, a provision of section 1366, requiring the assessor to lay the assessment rolls as prepared by him before the board of review "on or before the first Monday of April in each year for correction" was construed to be directory, notwithstanding a penalty was prescribed in section 1367 upon failure on the part of the assessor to perform any of his duties "at a time and in the manner specified." The object of the statute under consideration was to promote order and system to the end that the work of the board of review should be completed in time to enable the assessor, under section 1366 of the Code, "when such correction has been completed . . . to make up the assessor's books in duplicate from such assessment rolls," to make the required computations and entries "and not later than the 15th day of April return one of such books to the township clerk, and to the city or town clerk not later than the 10th day of May, and the other, together with the assessment rolls, plat book and all statements which have been furnished to him in connection with the assessment, to the county auditor."

The county auditor is required by section 1377 of the Code to make out and transmit to the Auditor of State an abstract of the real and personal property in his county, and under the following section the executive council is required to meet as a board of review on the 2d Monday of July each year and after equalizing the valuation of properties between the several counties, which is required to be done before the first Monday of August, the Auditor of State must transmit to each county auditor a statement of the percentage to be added to or deducted from the valuation of each kind or class of property in his county, and shall certify the rate of said tax fixed as required by law. Section 1382, Code. Manifestly it is necessary that each officer or board shall perform

the duties promptly, to the end that those following may be able to do what is required of them in time to insure the proper levy and collection of taxes to meet the public needs. But there is no more occasion for construing the statute fixing the time when the local board of review shall perform its duties to be mandatory than there was for saying the statute fixing the time of returning the assessor's books is mandatory. As said, these various statutes were enacted to secure the orderly and prompt discharge of the duties by the various officials and bodies involved, and though the time defined should be regarded as a command and obeyed, yet it ought not to be held that a mere delay of a few days will invalidate any of these acts and defeat the purposes sought, and deprive the government of the funds essential to discharge its functions. The local boards of review are composed of officers discharging other duties, and who act in this capacity for a brief period only, and we think that, even though section 1370 enacts that the particular duties shall be performed not later than the 1st of May, yet as no prejudice can result to the taxpayer, performance within a reasonable time thereafter is not invalid. Though the city council had passed a resolution raising the assessment within the time fixed, it plainly appears that this was not regarded as final, but that the hearing was postponed to enable a further investigation, and that final action was not taken until the 23d of May. We think the statute should be construed as directory, and that the district court acquired jurisdiction by the service of the notice of appeal within twenty days after the final adjournment of the board on May 23d. The motion to dismiss was rightly overruled.—*Affirmed.*

Weaver, C. J., and Evans and Gaynor, JJ., concur.