WILLIAM C. RIVES *et al. vs.* JOHN M. TAYLOR, *City Treas.*

APRIL 18, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

(1)  *Taxes.  Filing Assessment Roll.  Time.*

Where the assessment of a tax was in all other respects regular, the fact that the assessors failed to complete the assessment and file the assessment roll in the office of the city clerk within the time fixed by the ordinance ordering the levy and collection of the tax, will not invalidate the tax where the delay did not deprive the taxpayer of any substantial right.

*(2)   Taxes.   Filing Assessment Roll.   Time.   Voluntary Payment.*

Where the ordinance ordering the levy and collection of a tax provided that the assessors should deposit the assessment roll with the city clerk on or before June 25 and that the tax should be payable between July 1 and August 31 with a penalty of 12 per cent. on all taxes remaining unpaid on August 31, and the roll was not deposited until September 6, and on August 30th plaintiff paid his tax under protest, an action will not lie to recover the amount so paid, for the payment was voluntary, as the tax collector when the money was paid had no authority to receive taxes, and the tax was not due and the collector received the money in his individual capacity and when the taxes became due applied the sum to the payment of the plaintiff's tax.

*(3)   Taxes.   Voluntary Payment.   Recovery.*

A tax which is paid voluntarily cannot be recovered.

*(4)   Taxes.   Payment under Protest.   Penalty.*

Where the ordinance ordering the levy and collection of a tax provided that the assessors should deposit the assessment roll with the city clerk on or before June 25 and that the tax should be payable between July 1 and August 31 with a penalty of 12 per cent. on all taxes remaining unpaid on August 31 and the roll was not deposited until September 6 and on August 30th plaintiff paid his tax under protest, the tax cannot be recovered on the ground that the taxpayer was subjected to a penalty for not paying his tax before the tax roll was filed for the tax could not be due before the tax roll was filed, and the taxpayer could not be subjected to a penalty for not paying a tax before it was due, and would be entitled to a reasonable time to pay his tax after the roll was filed.

ASSUMPSIT.   Certified to Supreme Court on agreed statement of facts.

RATHBUN, J.   This is an action in assumpsit brought by the plaintiffs in their capacity of executors under the will of · Grace W. Rives, late of the city of Newport, deceased, against the city of Newport to recover the amount paid by the plaintiffs and received by the defendant as taxes.

The case, at issue on its merits in the Superior Court, has been certified to this court upon an agreed statement of facts, in accordance with the provisions of Section 4, Chapter 298, G. L. 1909.

The essential facts are as follows:

On the 17th day of February, 1919, the Representative Council of the City of Newport passed an ordinance ordering the levy and collection of a tax for the year 1919.   Said

ordinance duly specified the rate of tax to be assessed against different classes of property and declared the purposes for which the tax was required and provided that: "The Board of Assessors shall assess and apportion said tax on the inhabitants and ratable property of said City on the 29th day of March, A. D. 1919, at 12 o'clock noon according to law, and shall on completion of said assessment, date, certify and sign the same and deliver to and deposit the same in the office of the City Clerk on or before the 25th day of June, A. D. 1919. The City Clerk on receipt of said assessment shall forthwith make a copy of the same and deliver to the City Treasurer who shall forthwith issue and affix to said copy a Warrant under his hand directed to the Collector of Taxes of said City, commanding him to proceed and collect said tax of the persons and estates liable therefor. Said tax shall be due and payable on and between the first day of July and the thirty-first day of August, A. D. 1919 and all taxes remaining unpaid on said thirty-first day of August, A. D. 1919, shall carry until collected a penalty at the rate of twelve per centum per annum."

"The assessors of taxes did not complete, certify and sign any assessment or deliver to and deposit the same in the office of the City Clerk, in pursuance of the provisions of said ordinance, on or before the 25th day of June, A. D. 1919, but that said assessment was not completed, dated, certified, signed and deposited in the office of the City Clerk until September 6th, A. D. 1919."

Said tax assessment when filed as aforesaid contained, among other assessments, an assessment against the plaintiffs, the total tax on which was $11,759.38.

"On August 30, 1919, the plaintiffs paid, to the tax collector of the City of Newport, the sum of Eleven Thousand Seven Hundred and Fifty-Nine and 38/100 Dollars, in payment of said tax, but under protest, however, on the ground that said assessment was illegal and void because the said assessors had not complied with the ordinances of the City of Newport, ordering said tax, and with the provisions of law."

The plaintiffs duly presented their claim to the treasurer of said city of Newport, which claim was not paid within forty days after presentment.

The questious presented for our determination are as follows:

(1)  Whether in view of the provisions of the ordinance passed February 17, 1919, by the Representative Council, the assessment completed, certified, signed, filed, deposited and delivered on September 6, 1919, was and constituted a valid and legal assessment of taxes against the plaintiffs as executors aforesaid for said year.

(2)  Whether the plaintiffs are entitled to recover from the defendant the said sum of $11,759.38.

(1)  The assessment of the tax was in every way regular except as to the time of completing the assessment and filing the assessment roll.  The plaintiffs contend that they are entitled to recover by reason of the fact that the Board of Assessors failed to complete the assessment and file the assessment roll in the office of the city clerk within the time fixed by said ordinance.

Wherein did the delay in filing the tax roll infringe upon the rights of the plaintiffs?  They had ample notice of the time when they were required to bring in an account of their ratable estate.  In this state there is no board of equalization.  Chap. 58, G. L. 1909, provides as follows:  "Sec. 14. If any person shall bring in an account as aforesaid, the assessors shall nevertheless assess such person's ratable estate at what they deem its full and fair cash value." "Sec. 15.  Any person aggrieved thereby may, within six months after the time appointed for the payment of such tax, petition the superior court for the county, for relief from such assessment."  . . .  The plaintiffs neglected to bring in to the assessors an account of the ratable estate in accordance with the provisions of Section 6 of said chapter. Section 7 of said chapter provides that "whoever neglects or refuses to bring in such account, if over-taxed shall have no remedy therefor."  As the plaintiffs by their own neglect

lost all right to petition for relief from over-valuation it cannot be said that the delay thereafter of the assessors in completing the assessment and filing the assessment roll interfered with any right to petition for relief. In *Pendleton v. Briggs,* 37 R. I. 352, the work of assessing the tax was actually completed within the time fixed by the town but the court did use the following language, at p. 359: "an action for the recovery of a town tax cannot be defeated by mere irregularities which do not go to the jurisdiction of the assessors or deprive the defendant of some substantial right (citing authorities). It does not seem to us to be material to the taxpayer when the board of assessors performs its work provided there is nothing done or omitted which deprives the defendant of some substantial right."

37 Cyc., page 1064, states the rule as follows: "Where the law requires the assessment roll to be completed and filed on or before a certain day in the year, it is held in some states that this provision is mandatory and that a delay in making the return beyond the time limited will invalidate the assessment; but in others, this provision is considered as directory only and a delay in filing as a mere irregularity not affecting the validity of the tax. The better rule, however, appears to be that a delay in returning the roll is important only when it deprives the individual taxpayer of his opportunity to examine into his own assessment and to take proper steps to have it reduced or corrected, or unreasonably shortens the time allowed him for this purpose." See *Burlington Gas-Light Co.* v. *Burlington,* 101 Iowa, 458; *Anderson* v. *Mayfield,* 93 Ky. 230; *People* v. *Haupt,* 104 N. Y. 377; *Magee* v. *Commonwealth,* 46 Pa. St. 358.

(2) It was suggested that the taxpayer was subjected to a penalty for not paying his tax before the tax roll was filed. Notwithstanding the ordinance declaring said tax to be due and payable on and between the first day of July and the thirty-first day of August, 1919, the tax was not and could not be due before the tax roll was filed. The taxpayer could not be subjected to a penalty for not paying a tax

before it was due. The taxpayer would be entitled to a reasonable time to pay his tax after the assessment roll was filed. The delay in completing the assessment and filing the assessment roll deprived the plaintiffs of no substantial right.

Although the plaintiffs on August 31, 1919, formally protested against payment of the money which they on said date delivered to the tax collector; nevertheless the payment was voluntary. The tax collector on said date had no authority either to demand or receive taxes. He did receive from the plaintiffs, not as tax collector, but in his individual capacity, $11,759.38, and when the taxes were due he applied said sum to the payment of the plaintiffs' taxes. A person cannot pay taxes under protest when no one is authorized to demand payment and when no tax is due. A tax which has been paid voluntarily cannot be recovered. See *Dunnell Mfg. Co.* v. *Newell*, 15 R. I. 233.

Decision for the defendant for costs.

The papers in the cause with the decision of this court certified thereon are ordered sent back to the Superior Court for Newport county, with direction to enter final judgment for defendant for costs upon said decision.

*Sheffield & Harvey*, for plaintiffs.

*Jeremiah A. Sullivan*, for defendant.

*Herbert A. Rice, Atty. Gen.*, for State Board of Tax Commissioners.