WOODBURY COUNTY TAXPAYERS CONFERENCE et al., Plaintiffs, Appellants, v. HARVEY D. CARR, County Auditor, Defendant, Appellee, GEORGE NORMAN et al., Intervenors, Appellees.

No. 44735.

FEBRUARY 7, 1939.

Louis S. Goldberg and Milchrist & Marshall, for appellants.

Ralph C. Prichard, for defendant, appellee.

Gleysteen, Purdy & Harper, George M. Paradise, and Ralph W. Crary, for intervenors, appellees.

MILLER, J.—The facts are not in dispute. They are determined from the admissions contained in the pleadings.

Appellants are residents and taxpayers of Sioux City, Iowa. In accordance with the local budget law, chapter 24, section 368 et seq., of the Code, as amended by chapters 91 and 92 of the Acts of the 47th General Assembly, the city council of Sioux City prepared and certified a budget for the fiscal year commencing April 1, 1939. Appellants filed objections to such budget and were present at a hearing held by said city council. Being dissatisfied with the action of the council, they appealed to the state appeal board, pursuant to the provisions of chapter 91 of the Acts of the 47th General Assembly. Hearing was had before the state appeal board on September 29, 1938, at which hearing the city council, as the certifying board, and appellants, as objectors, were present. On October 12, 1938, the state appeal board rendered a decision and certified the same to the defendant, county auditor. By this decision, the state board reduced 12 city funds so that the millage for each fund was no greater than the actual millage levied in 1937 for 1938 collection. Other funds were to stand as certified.

On October 19, 1938, the state board modified the decision made by it on October 12, 1938, by restoring the levy for the municipal band fund to the amount originally certified for 1939 collection. This modification was certified to the defendant, county auditor.

On October 26, 1938, the state board again modified its decision of October 12, 1938, by restoring the levies of the fire maintenance fund and the garbage disposal fund to the amount originally certified for 1939 collection, and ordered that the general fund remain at 2.50 mills. This modification was also certified to the defendant, county auditor.

On October 31, 1938, appellants filed a petition in the district court of Woodbury county, reciting the proceedings had before the state appeal board, and setting out the decision made by such board on October 12, 1938, and alleging that such

decision constituted a final order, was binding upon the defendant, county auditor, as a matter of law, and that it became his duty to apply the tax returns fixed in said decision and make a tax levy upon the tax books in his office in accordance therewith. Appellants also asserted that, pursuant to the provisions of chapter 91 of the Acts of the 47th General Assembly, to the effect that "final disposition of all such appeals shall be made by the State Board on or before October 15th of each year", such state board was without power to modify or change its order of October 12, 1938, by the pretended modifications of October 19 and October 26, 1938. Appellants further asserted that they had no plain, speedy or adequate remedy in the ordinary course of the law, and prayed for an order fixing hearing and, upon such hearing, a writ of mandamus, commanding and directing the defendant, county auditor, to apply the rate of tax fixed by the order of the state board of appeal on October 12, 1938, and for other and appropriate relief to which the evidence might show appellants entitled. Contemporaneously with the filing of appellants' petition, the district court fixed the hearing for November 10, 1938, and prescribed the notice thereof to the defendant, county auditor.

On November 5, 1938, a petition of intervention was filed by members of the police department of the city asserting that, should the budget, as modified by the order of October 12, 1938, be put in force, the city would be forced to either cut the salaries or reduce the personnel of the police department, and thereby curtail and impair the efficiency and functions of the city government.

On November 9, 1938, another petition of intervention was filed by members of the fire department, who asserted that, if the proposed budget, as fixed by the order of October 12, 1938, were put into effect, the city would be unable to pay the salaries of said fire department, in accordance with the ordinances of the city, and intervenors and other members of said fire department would suffer great financial loss.

On November 10, 1938, the city filed a petition of intervention asserting that, in the event the budget, as fixed by the order of October 12, 1938, were put into effect, the city would be unable to pay the salaries in full of the members of the police and fire departments in accordance with the ordinances of the city.

On November 14, 1938, the aforesaid intervenors and the defendant, county auditor, filed a joint answer in which they admitted the facts set forth in appellants' petition, but denied and put in issue the legal conclusions which appellants sought to draw from such facts. Appellees also asserted that the state board had modified its order of October 12, 1938, by the orders of October 19 and October 26, 1938, which modifications were set forth in the answer, and alleged that the state board was duly authorized to make said modifications, that they were made in proper time, that the provisions of chapter 91 of the Acts of the 47th General Assembly providing "final disposition of all such appeals shall be made by the State Board on or before October 15th of each year", were directory and not mandatory and said board having lawfully issued its modifications, the same were binding upon the defendant, county auditor, and constituted a complete defense to appellants' petition.

The answer further asserted that the defendant, county auditor, had been notified by the state board, after the order of October 12, 1938, was rendered, to withhold making up his records until further notice, that he had not made up any records prior to October 26, 1938, but was about to make up his records in accordance with the decision of the state board, as modified by its orders of October 19 and October 26, 1938, when this action was begun; that said records had not been made up nor had levy been made by the county supervisors, but there was sufficient time for the county auditor to make up his proper records in accordance with the decision of the state board, as so modified, and sufficient time for the board of supervisors to make proper levy in accordance with the records to be made up by the county auditor, and that no one had been, or would be prejudiced by said modifications, but, on the contrary, a levy, in accordance therewith, would enable the city of Sioux City to pay the salaries of the policemen and firemen in accordance with the ordinances of said city.

The answer further denied that appellants had no plain, speedy or adequate remedy in the ordinary course of the law, and asserted that the jurisdiction of the state board should have been challenged by a direct proceeding, and that this collateral proceeding was improperly brought. The answer further asserted that the decision of October 12, 1938, as modified by

the subsequent orders, all constituted one decision of the state appeal board. Appellees ask that the petition be dismissed.

Simultaneously with the filing of the answer, appellants filed a motion to dismiss it, asserting that the facts stated in the answer do not entitle the defendant and intervenors to the relief demanded nor to any relief, in that the orders of the state board of appeal, dated October 19 and October 26, 1938, respectively, show on their face that they are wholly void and without legal effect, and were made at a time when the state appeal board had ceased to have legal existence, and was *functus officio*. The cause was then submitted to the district court on the motion .to dismiss the answer. The court overruled said motion, dismissed appellants' petition, and entered judgment against appellants for costs. Appellants promptly perfected their appeal to this court.

This appeal presents two questions: First, are the provisions of chapter 91 of the Acts of the 47th General Assembly to the effect that "final disposition of all such appeals shall be made by the State Board on or before October 15th of each year" mandatory or directory, under the facts shown by the record herein? Second, are appellants to be permitted to collaterally attack the modification orders of the state board, through proceedings in mandamus against the county auditor?

As chapter 91 of the Acts of the 47th General Assembly was enacted in 1937, this is the first occasion for construction by this court of the language above quoted therefrom. Examination of our decisions, construing analogous provisions of other statutes, convinces us that, under the record here presented, appellants' contention that the state board of appeal had ceased to exist on October 19 and October 26, 1938, and, therefore, was without power to modify its decision of October 12, 1938, is not well taken.

In the case of Hawkeye Lbr. Co. v. Board of Review, 161 Iowa 504, 510, 143 N. W. 563, 566, this court construed section 1370 of the Code of 1897, which provided that a city council should constitute a local board of review and "sit from day to day until its duties are completed, which shall not be later than the first of May". The Hawkeye Lumber Company undertook to appeal from the action of such board of review. The statute required that such appeal be perfected within 20 days from its final adjournment. The board of review did not

comply strictly with the requirements of the statute in that it did not complete all of its duties by the first of May. Its actual adjournment was May 23, 1912, and the lumber company perfected its appeal May 29, 1912. If the provisions of the statute were mandatory, an appeal would be required not later than May 20th. If the provisions of the statute were directory, the perfecting of an appeal prior to May 23, 1912, would have been premature. This court held that the provisions of the statute were directory and that the appeal was timely. In so holding, this court states, toward the close of its opinion, as follows:

"Manifestly it is necessary that each officer or board shall perform the duties promptly, to the end that those following may be able to do what is required of them in time to insure the proper levy and collection of taxes to meet the public needs. But there is no more occasion for construing the statute fixing the time when the local board of review shall perform its duties to be mandatory than there was for saying the statute fixing the time of returning the assessor's books is mandatory. As said, these various statutes were enacted to secure the orderly and prompt discharge of the duties by the various officials and bodies involved, and though the time defined should be regarded as a command and obeyed, yet it ought not to be held that a mere delay of a few days will invalidate any of these acts and defeat the purposes sought, and deprive the government of the funds essential to discharge its functions."

The rules announced in the foregoing quotation are in accord with numerous other holdings of this court, which include the following: Hill v. Wolfe, 28 Iowa 577; Burlington Gas Light Co. v. Burlington, 101 Iowa 458, 70 N. W. 628; Hubbell v. Polk Co., 106 Iowa 618, 76 N. W. 854.

 Applying the rules, heretofore announced by this court, to the record herein, the statute, requiring final disposition of all appeals by the state board on or before October 15th of each year, appears to have been enacted to secure the orderly and prompt discharge of the duties of the various officials and bodies involved. The time defined should be regarded as a command and obeyed. However, a mere delay of a few days will not invalidate the action of the board, defeat the purposes sought to

be obtained and deprive the government of funds, essential to the discharge of its functions.

■ Under the record here presented, it was the duty of the state board to determine whether or not the budget, proposed by the city for 1939 collection, imposed a greater tax burden than necessary to provide funds essential to the discharge of its functions by the city. Under chapter 91 of the Acts of the 47th General Assembly, the state board might reduce the budget, but in no event might it increase such budget or any item contained therein. Apparently on October 12, 1938, the state board determined that, as to 12 items in the budget, the same required the imposition of a greater tax levy than was necessary to provide funds essential to the discharge of the city's functions. On October 19, 1938, the board appears to have determined that it was in error regarding the levy for the municipal band fund, and modified its decision in reference to this item. Again, on October 26, 1938, it determined that the order of October 12, 1938, should be further modified by restoring the levies for the fire maintenance fund, the garbage disposal fund, and the general fund. From the allegations of the answer, which were admitted by the motion to dismiss such answer, it affirmatively appears that, without the modifications made on October 26, 1938, the city will be unable to pay the salaries of its firemen and policemen in accordance with the ordinances of the city. Were we to hold that the board was without power to so modify its decision, we would deprive the city of funds essential to its functions. We hold that the law will not be so construed.

■ Under the record here presented to this court, the attack against the orders of the board is collateral, not direct. Being collateral, the record, which was before the state board, is not before us. The only facts before us are those contained in the pleadings, and the only question for us to determine is the application of the law to the facts shown by the pleadings.

Chapter 91 of the Acts of the 47th General Assembly contains no provision for an appeal from the decision of the state board. However, section 12456 of the Code provides for the issuance of writ of certiorari in cases where an inferior tribunal, board, or officer, exercising judicial functions, is alleged to have exceeded its proper jurisdiction, or otherwise acted illegally and there is no other plain, speedy and adequate remedy. This

court has repeatedly held that the action of a board, such as the state board of review, may be reviewed by certiorari, where there is no provision for an appeal from the action of such board, and it is alleged that the board exceeded its proper jurisdiction, or otherwise acted illegally. An illustrative case is Bremer Co. v. Walstead, 130 Iowa 164, 106 N. W. 352. Had appellants undertaken to question the legality of the modifications made by the state board through proceedings in certiorari, the board would have been a party to the proceedings and the record, upon which the board acted, would be before us. What our decision would be in such a situation, we cannot and do not here determine for the obvious reason that the state board is not a party to these proceedings, and the record, upon which the board acted, is not before us.

The question before us is whether or not the modifications, made by the state board, show on their face, by their dates alone, that they constituted illegal acts on the part of the board, in excess of its jurisdiction and after the board has ceased to exist as such, so that the county auditor may be compelled by mandamus to ignore them. Upon the record here presented to us, and pursuant to the authorities above referred to, we hold that no such illegality is shown.

The decision of the trial court was right. It must be and it is affirmed.—Affirmed.

MITCHELL, C. J., and SAGER, STIGER, HAMILTON, HALE, BLISS, and RICHARDS, JJ., concur.