FRANK O. LOWDEN et al., Trustees, Appellants, v. NED WOODS et al., Board of Supervisors, Appellees.

No. 44690.

FEBRUARY 15, 1939.

J. G. Gamble, R. L. Read, A. B. Howland, and Rob't. J. Shaw, for appellants.

Chas. C. Heninger and Ralph H. Goeldner, for appellees.

RICHARDS, J.—Plaintiffs based their cause of action on the proposition that the taxes in question had been erroneously or illegally exacted and paid and for that reason should be refunded under section 7235, Code 1935. The situation was this. In 1935 plaintiffs as trustees paid taxes upon certain railroad properties situated in four separate school districts in Keokuk county. These taxes included certain amounts the defendant board had entered upon the 1934 assessment and tax roll and later had levied as taxes for the four school districts, respectively, for the ensuing fiscal year. That these entries by the board of supervisors and the resulting taxes were erroneous and illegal, because allegedly the school boards in certifying the amounts of taxes to be levied had violated the local budget law, chapter 24, section 368 et seq., Code 1935, is the gist of plaintiffs' contention. Section 370 found in said chapter is in these words:

"370. Requirements of local budget. No municipality shall certify or levy in any year any tax on property subject to taxation unless and until the following estimates have been made, filed, and considered, as hereinafter provided:

"1. The amount of income thereof for the several funds from sources other than taxation.

"2. The amount proposed to be raised by taxation.

"3. The amount proposed to be expended in each and every fund and for each and every general purpose during the fiscal year next ensuing.

"4. A comparison of such amounts so proposed to be

expended with the amounts expended for like purposes for the two preceding years.''

If there was a violation of the local budget law it is to be found in the following facts appearing in the record. In July 1934, when, as required by section 370, the school boards were estimating the amounts of their respective incomes from sources other than taxation, each board then had cash on hand, also additional sums were to be derived from taxes to be collected by the county treasurer during the then remainder of 1934. The school boards made and filed estimates of the items required by section 370, and therein set out certain aggregate amounts as being income from sources other than taxation and made deductions of such amounts from the proposed amounts of expenditures in arriving at the amounts of necessary taxes. Following the statutory hearings upon these estimates the school boards certified their decisions to the levying board, without any changing of the amounts as estimated. The levying board (board of supervisors) entered the amount of taxes to be levied as so certified, the amount so entered for each district having been the amount of the difference between the receipts from all sources other than taxation and the proposed expenditures all as shown in the estimates as certified by the respective school boards. The record does not indicate what items made up the estimated receipts from sources other than taxation. But the amounts shown are such that it is evident the school boards did not include therein the cash on hand in July 1934, nor the receipts to be anticipated from taxes to be collected by the county treasurer during the then remainder of that year. Plaintiff's contention is that section 370 required that these amounts should have been included in ''the amount of income * * * for the several funds from sources other than taxation.'' Plaintiffs further claim that had these items been included in the estimated and certified amounts of incomes from sources other than taxation, then there would have been no authority for certifying any amount to be raised by taxation, nor for levying any tax, because the aggregate of these sums, together with other anticipated sums admittedly from sources other than taxation, would have equalled or exceeded in each of the school districts the amount proposed to be expended for the fiscal year beginning July 1, 1934. Upon this theory plaintiffs claim a

writ of mandamus should have issued, commanding the defendant board to refund to plaintiffs all taxes they paid by reason of the levies of taxes for the four districts.

Respecting plaintiffs' proposition, i. e., that the cash on hand in July 1934 and the money to be anticipated from tax collections during the remainder of that year should have been included in estimating funds from sources other than taxation, it will be noted that its soundness depends upon the correctness of plaintiffs' assumption that under the local budget law the taxes that were being estimated by the school boards in July 1934, to be levied in September, and to be collected from taxpayers during 1935, were taxes properly to be expended by these school districts during the fiscal year beginning July 1, 1934. This assumption appears to run counter to the language and intended workings of the local budget law. Section 370 required school boards to estimate the amount proposed "to be expended * * * during the fiscal year *next ensuing.*" By the terms of section 378 the levying board enters upon the *current* assessment and tax roll the amount of taxes which it finds should be levied "for the *ensuing fiscal year* in each municipality for which it makes the tax levy." Section 385 provides that the levying board shall spread the tax rates necessary to produce the amount required for the various funds of the municipality " *for the next succeeding year*". Section 386 provides that "The several tax rates and levies of the municipalities thus determined and certified * * * shall stand as the tax rates and levies of said municipality for the *ensuing year* for the purposes set out in the budget." The local budget law applies to cities and towns. Their fiscal years begin on the first day of April. Section 5676-a1. In section 5663, subdivision 16, is a requirement that city councils make separate appropriations for all the different expenditures for each fiscal year at or before the beginning thereof, and that no city shall appropriate in the aggregate an amount in excess of its annual legally authorized revenue. The latter inhibition would appear to indicate that the legislature necessarily contemplated that on or before April 1 the city's legally authorized revenue for the fiscal year beginning on that date had been previously determined. Chapter 87, Supplement to Acts Extra Session, 40 General Assembly, amending in July 1924 the local budget law that was approved and published in the preceding April is consistent with a legisla-

tive intention that municipalities were required to function under the local budget law in advance of rather than after the commencement of their fiscal years.

We are of the opinion that the proceedings of the school boards of which plaintiffs complain pertained to taxes to be expended during the fiscal year beginning July 1, 1935. If so the moneys on hand in July 1934 and to be anticipated during the remainder of the year were apparently moneys derived from taxes that had been estimated and levied in 1933 for expenditure during the fiscal year beginning July 1, 1934, unassociated with the levy for the fiscal year beginning July 1, 1935. In argument appellants say that the school boards were possessed of a fund that constituted a surplus, that is, money accumulated by reason of proper expenditures in prior fiscal years having been less in amount than the proposed expenditures for those years, on which proposed expenditures the amount of the taxes had been determined. But that such fact situation obtained cannot be affirmed upon the record before us. What result might have ensued had there been such a surplus, and whether the legislature has specifically spoken relative to that possibility, are questions not involved in the instant case. Our conclusion is that plaintiffs have not shown that they are entitled to a refund of the taxes they paid on account of the levies made for the respective school districts. The judgment and decree of the district court is affirmed.—Affirmed.

MITCHELL, C. J., and HALE, STIGER, OLIVER, SAGER, BLISS, and MILLER, JJ., concur.

HAMILTON, J., takes no part.