STATE OF IOWA ex rel. J. A. DWYER et al., Plaintiffs, Appellants,
v. J. F. SULLIVAN et al., Defendants, Appellees;
J. A. DWYER, Plaintiff, Appellee.

No. 45647.

AUGUST 4, 1941.

REHEARING DENIED NOVEMBER 14, 1941.

Arthur J. Braginton, for appellants.

B. J. Price and John H. Mitchell, for appellees.

SAGER, J.—The arguments of the parties invite us into a much larger field than we find it necessary to explore. The record is lengthy; and to the end that we get a correct view of the cause we have resorted to the transcript as well as to the abstracts. When properly understood the issues are simple;

and only a misapprehension of the real nature of the controversy could cause them to appear involved.

Appellants argue the meaning and effect of chapters 23, 24, 56 and 254 of the Code. Proceeding from thence they argue that because the defendants failed to act in accordance with appellants' conclusion they should be removed from office. To do this they exclude every consideration of the rectitude of defendants' intentions and of their efforts to discharge their duties as they understood them to be. The argument of appellants goes further—it is insisted that defendants be held responsible though they acted upon the advice of sworn officers of the law upon whose counsel they might well think they had a right to rely. It is sought to remove these supervisors under the provisions of section 1091 of the Code. The record excludes every suspicion of corruption or extortion. It is not claimed that subsections 5 and 6 of that section have any bearing. There remain, then, these two specifications of section 1091 to be considered:

"1. For wilful or habitual neglect or refusal to perform the duties of his office.

"2. For wilful misconduct or maladministration in office."

Summarized, the complaints against these defendants are:

First, that they undertook to erect a juvenile and welfare home in Fort Dodge at a cost in excess of $5,000;

Second, that in making appropriations the board exceeded the budget estimate made in the years 1935, 1936, 1937 and 1938.

It should be noted at this point that the board of supervisors was composed of five members who acted unanimously in the matters complained of. For some reason not explained and not necessary to a determination of the cause, only these defendants are singled out for removal.

Third, that the board issued anticipatory certificates on road funds; and

Fourth, that they failed to make an appropriation to cover outstanding warrants in the sum of $3,481.53.

Turning to the first specification, the board as a whole did undertake the construction of a juvenile home expecting to

complete it within the $5,000 limit. Before reaching that figure they discovered the building was to cost much more. Work was stopped and the board consulted with the comptroller and with the attorney general. They were advised to go back and finish the job and then ask the legislature to legalize their action. It was done accordingly. Appellants say that the legislature had no such power but in our view it is unnecessary to consider this argument.

On the second specification there is no charge that the board at any time expended funds not available for the purposes for which they were used. It appears that the board was kept constantly informed by the county auditor and the county treasurer as to funds on hand; and on every appropriate occasion, the county engineer was consulted. At this point the argument revolves around the question whether the local budget law controls or whether chapter 264.1, 1939 Code, is operative. Again we say that, excluding any intentional wrongdoing or careless indifference to duty on the part of defendants, we need not and do not decide this question.

The answer to the third charge against the defendants is the fact that their actions had the approval of the highway commission.

The fourth charge is disposed of by undisputed evidence that the failure to make this appropriation resulted from an inadvertence on the part of the county auditor and not because of any indifference or neglect of the defendants.

The trial court filed an able and exhaustive opinion which, if space permitted, we would quote in full. But in these conclusions we fully concur:

"I cannot find in said record wherein the said Board knowingly, intentionally, and deliberately violated any statutes of this state.

"On the other hand, they appeared, before acting in almost every case except through mere routine matters, to have consulted the County Attorney, the Attorney General of this State, the Comptroller of this State, and obtained such information as they needed or could get from the County Auditor, and through him from the County Treasurer; and I reach the con-

clusion that instead of wilfully committing wrongdoing they attempted in every way to comply with the statutes of this state.

"It may be true that they misconstrued some of the statutes, or had them misconstrued to them by those who are their legal advisers, but they are not lawyers and must and did rely upon and follow the advice of their legal advisers, or those officers whom the State of Iowa, through their Legislature, have made responsible for the conduct of county and state affairs. Their books, accounts, actions and conduct were repeatedly examined by the official accountants of this state, and only in one instance, so far as the record shows, was there any criticism of the conduct of this Board, and in that one instance it was due to an oversight upon the part of the examiner, who subsequently by private letter acknowledged such error on his part and the matter was passed."

What we said in State ex rel. Fletcher v. Naumann, 213 Iowa 418, 239 N. W. 93, 81 A. L. R. 483, and State v. Manning, 220 Iowa 525, 529, 259 N. W. 213, 216, makes it unnecessary that we discuss here the principles involved. If State v. Manning should seem to sustain appellants, as they contend, it is only in the seeming because in that case "the evidence is clear and convincing that the mayor and commissioners knowingly and intentionally paid various city expenses out of funds which were not allocated to or levied for such purposes".

The other cases cited by appellants, Clark v. City of Des Moines, 222 Iowa 317, 267 N. W. 97, and Lowden v. Woods, 226 Iowa 425, 284 N. W. 155, are not in point.

Finding as we do that the decree of the trial court is not only in accord with law but reaches a just result, it is affirmed. —Affirmed.

All JUSTICES concur.