DISSENT: Mitchell, J.
For convenience the appellant will be designated as the "Board". In July, 1939, and later, such proceedings were had by the appellee's board of directors as resulted in the certification of a tax levy for the general fund of $909,575. From this certification an appeal was taken to the Board by more than 170 taxpayers. After a hearing the levy was reduced in the sum of $28,555, leaving it at $881,020, the same amount it had been the year before. It should be noted that the expenses budgeted were $6,555 more than for the year before. The average monthly balance in the general fund for the first seven months of 1939 was $226,470 and the amount on hand in that fund on June 30th of that year was $298,675. The monthly balance in this fund averaged for the year 1938, $202,972.89, and for 1937, $115,919.74. In 1937 there was transferred from the general to the sinking fund, $50,300.
Much of the argument is devoted to a discussion of the question as to whether the appellee was required to operate on the fiscal or on a calendar year basis and the effect on the financial status of the appellee under the one or the other. Appellee argues that the fiscal year ends on June 30th and that if it were to operate on that basis there would be a deficit because taxes levied in 1939 would not be available until July 1, 1940.
Appellant in effect concedes this in this language:
"On this theory there perhaps might be a deficit in the general fund even though, as a practical matter, if the District maintained its present financial position there would always be an average monthly cost [cash] balance of $200,000.00 or better."
[1] We deem it unnecessary to discuss this phase of the case. Whether appellee's contention be sound as a matter of bookkeeping we need not determine; but when tested by the canons of plain common sense the argument that appellee, having on hand on June 30th a cash balance of nearly $300,000, is, on July 1st (not having spent a dollar meanwhile), "in the red" as the saying goes, is not persuasive. There is no claim made that the Board acted corruptly or with any intention or purpose other than to discharge the duties imposed upon it by law. Appellee argues in effect that because the Board's decision did *Page 926 
not square with the views of the appellee's board of directors it was "illegal" and as a consequence could be challenged by a writ of certiorari. The trial court took that view and as a result we have the judgment of the district court substituted for that of the agency the legislature set up to determine and finally pass on such matters.
We hold that the trial court was in error. The reason for our conclusion will be more readily apparent if the character of these litigants be kept in mind. Both are creatures of the state, with the appellee in a position subordinate to that of the Board so far as its tax levies are concerned. The appellee is a school corporation. "It is a legislative creation. It is not organized for profit. It is an arm of the state, a part of its political organization. It is not a `person,' within the meaning of any bill of rights or constitutional limitation. It has no rights, no functions, no capacity, except such as are conferred upon it by the legislature. The legislative power is plenary. It may prescribe its form of organization and its functions today, and it may change them tomorrow." Waddell v. Board of Directors,190 Iowa 400, 406, 175 N.W. 65, 67. See also Scott County v. Johnson,209 Iowa 213, 222 N.W. 378; McSurely v. McGrew, 140 Iowa 163,118 N.W. 415, 132 Am. St. Rep. 248; C. Hewitt Sons Co. v. Keller,223 Iowa 1372, 275 N.W. 94; Boyd v. Johnson, 212 Iowa 1201,238 N.W. 61.
The case before us has its foundation in the action of the appellee under chapter 24 of the Code, 1939, the Local Budget Law. By chapter 91, Acts of the Forty-seventh General Assembly, section 390.5, Code, 1939, was added to the law as it theretofore existed. This declared, among other provisions:
"Review by and powers of board. It shall be the duty of the state board to review and finally pass upon all proposed budget expenditures, tax levies and tax assessments from which appeal is taken and it shall have power and authority to approve, disapprove or reduce all such proposed budgets, expenditures and tax levies so submitted to it upon appeal, as herein provided; but in no event may it increase such budget, expenditure, tax levies or assessments or any item contained therein."
 And this too was added: *Page 927 
"Decision certified to county. After a hearing upon such appeal, the state board shall certify its decision with respect thereto to the county auditor, and such decision shall be final. The county auditor shall make up his records in accordance with such decision and the levying board shall make its levy in accordance therewith." Section 390.7, Code, 1939.
The language of the statute brings it within the principles announced in Home Owners L. Corp. v. District Court, 223 Iowa 269,272, 272 N.W. 416, 418, and cases therein cited. We there quoted from Gisin v. Farmers Automobile Inter-Insurance Exchange,219 Iowa 1373, 1377, 261 N.W. 618, 620, as follows:
"`The legislature writes the laws, we construe them, and in that construction we are bound to follow the laws as laid down by the legislature, if we can discover what the legislation meant.'" See also State ex rel. Fletcher v. Webster County, 209 Iowa 143,227 N.W. 595.
[2] We are not unmindful of the provisions of section 12456, Code, 1939, which deals with certiorari nor do we overlook the fact that we have said that is a proper remedy where no appeal is provided for and there is no plain, speedy or adequate remedy elsewhere. But we have not decided in any case like this where the contending parties are agents of the state that the subordinate may question the decision of the superior agency when the decisions of the latter are by the very terms of the legislative mandate, final. These cases are cited by appellee and are distinguishable:
Jones v. Fisher, 156 Iowa 582, 137 N.W. 940; Haas v. Contest Court, 221 Iowa 150, 265 N.W. 373; Woodbury Conference v. Carr,226 Iowa 204, 284 N.W. 122; State Appeal Board v. District Court,225 Iowa 296, 280 N.W. 525; Bremer County v. Walstead, 130 Iowa 164,106 N.W. 352; and Lowden v. Woods, 226 Iowa 425,284 N.W. 155.
Of the above, Woodbury Conference v. Carr, supra [226 Iowa 204,209, 284 N.W. 122, 125], while seemingly an authority for appellee is not so in fact. We there considered the provisions of the statute requiring the board to finally dispose of appeals by October 15th of each year. Justice Miller, speaking for the court, said this provision appears "to have been *Page 928 
enacted to secure the orderly and prompt discharge of the duties of the various officials and bodies involved. The time defined should be regarded as a command and obeyed. However, a mere delay of a few days will not invalidate the action of the board, defeat the purposes sought to be obtained and deprive the government of funds, essential to the discharge of its functions."
We conclude that the decision of the State Board being final, the trial court erred in attempting to nullify its action. Appellee's motion to dismiss this appeal has been considered and is overruled. — Reversed.
MILLER, C.J., and OLIVER, GARFIELD, BLISS, WENNERSTRUM, STIGER, and HALE, JJ., concur.
MITCHELL, J., dissents.