HAZEL M. GISIN, Appellee, v. FARMERS AUTOMOBILE INTERINSURANCE EXCHANGE, Appellant.

No. 42867.

JUNE 21, 1935.

1374

Putnam, Putnam, Langdon & Fillmore, for appellant.

Paul H. Williams and Norman Huyck, for appellee.

PARSONS, J.—This case was brought by the plaintiff, Hazel M. Gisin, against the Farmers Automobile Interinsurance Exchange, in the municipal court of the city of Des Moines. The petition stated that the plaintiff was a resident of Des Moines, and that the defendant was a reciprocal insurance company with its principal place of business at Los Angeles, California, but was doing business and maintaining a state agent office in the city of Des Moines. That about the 12th day of July, 1933, through a local soliciting agent of the defendant, she filed an application for insurance against public liability, property damage, fire and theft, and collision and upset insurance; that the application was taken to the office of the state agent at Des Moines, accepted by the defendant, and she was informed her policy was in force and effect from the date of the application. That it was the understanding and agreement between her and the defendant, through its agent, that the policy of insurance would be in force and effect from the date of the application. That the defendant company notified the plaintiff that the policy was effective as of July 12, 1933, and notice coming from the company through the United States mails. That the policy was still in the hands of the defendant, and the plaintiff could not attach a copy thereof; and she alleges it was further agreed by the company, through its duly appointed agent, that the policy was to be paid for by her upon the actual delivery of the policy to her, but that it would be effective as of the date of application. That on the 13th of July, 1933, while her husband was driving the car, it skidded on a gravel highway, came into collision with a guide post by the side of the road, and was upset and seriously damaged, in the sum of $442.50; that she duly notified the defendant of the loss and filed proof as required by the company, and had performed all the terms and conditions imposed upon her by the agreement for insurance; that the defendant had refused to pay plaintiff's claim, and prayed for judgment.

The answer denied each and every allegation of the plaintiff's petition, and stated further that if any policy ever came into existence that same was voided by reason of a false answer, and a misrepresentation in the application: "Item 15. Has any company cancelled or refused to issue or pay claim on any insurance or on any car you have owned?" Plaintiff answered, "No". The fact is that at the time the application was made a policy had been canceled by the Travelers Indemnity Company. Again the answer set up that the application asked, "Give particulars and dates of any previous automobile accidents involving applicant," to which she answered, "None". Again it asked whether she had been refused insurance or claim had been paid or had any policy been canceled by any company on any car she owned, and she answered, "No". And the application further asked, "Has applicant personally assured you that all brakes, lights and windshield wiper function properly?" and the answer was "Yes". The answer stated that the plaintiff misrepresented the car which was the subject of the application when she said it had not been wrecked or destroyed or damaged at the time the application was accepted or the contract concluded. And again, that if any insurance ever took effect, that the same was voided by reason of nonpayment of the membership fee required in the application known as Exhibit A, and the defendant alleges that the insurance never took effect, and that there was no contract with the Farmers Automobile Interinsurance Exchange on the part of the plaintiff, for the reason that the condition precedent prescribed in the application of payment of membership fee was never fulfilled, and the defendant specifically denied the performance by the plaintiff of this precedent.

The reply denied each and every material allegation contained in the answer, and that if the application provided for payment of any premium in advance, such condition was waived by the defendant through its duly authorized agent; and set forth that the application had been written by the defendant's own soliciting agent, and he had full knowledge concerning all the facts and circumstances, transactions, and statements made therein, and that such knowledge is chargeable to the defendant in this action, and the truth or falsity was known to the defendant in this action; and set forth these were waived because of the knowledge of the soliciting agent, and that there is a waiver under the law of any provisions in the policy or application affecting any insurance or any policy

of insurance in this case; that the defendant was estopped from denying that the plaintiff's car was insured under the facts and conditions in this case, and are estopped from denying that the application was not accepted by reason of the facts and circumstances that they notified the plaintiff that it had been accepted, and by reason of the further fact that they notified the plaintiff through the United States mail that she had been accepted as a member in the association, and that her policy was in force and effect as of July 12th; and that they were estopped from claiming a failure of plaintiff's car to be insured by reason of all these facts and circumstances and the conduct of their agent as shown by the evidence.

The application for insurance was made by one Levi, claiming to act as the agent for the defendant. The defendant company, as its name implies, and as it later shows, is organized and doing business as provided in the Code of 1931 under chapter 408, which provides for reciprocal or interinsurance contracts. This statute is an act of the 37th General Assembly, chapter 180, consisting of 16 sections, which was approved April 7, 1917 (as amended). The last section of which, section 16, now section 9103 of the Code of 1931, reads as follows:

"Except as herein provided in this chapter, the making of contracts as herein provided for and such other matters as are properly incident thereto, shall not be subject to the laws of this state relating to insurance, unless they are therein specifically mentioned."

The effect of this latter provision has been somewhat discussed by this court in Schmid v. Underwriters, 215 Iowa 170, 244 N. W. 729. The court was there discussing section 8959 of the Code, which provides for the forfeiture of policies, and in that discussion says, on page 174:

"Code section 8959, above quoted, does not specifically mention reciprocal or interinsurance contracts. Hence the reciprocal or interinsurance contracts, because of section 9103, are not subject to the provisions contained in section 8959. Then the notice actually given by the appellant for the lapsing of the contract with the assured, being in full compliance with the contract, was sufficient to accomplish the lapse of the policy even though such notice does not comply with the requirements of section 8959. A lapse of the policy was accomplished because the notice fully complied with the contract. The district court, then, wrongfully submitted the cause to the

jury on the theory that the policy had not been lapsed. Error appears at this juncture."

The effect of this provision, section 9103, then, seems to be that the various provisions of the Code in reference to insurance are not applicable to insurance of the character claimed in this suit; that is, written by the defendant. This provision in the statute, section 9103, then puts insurance in reciprocal companies on an entirely different footing from insurance in other organizations. Whether this be wise or not, it is not for us to say. The legislature of the state of Iowa has seen fit to create in this chapter an entirely different rule than is applicable to other insurance organizations, and wherever a restriction is placed by a law upon other insurance companies doing business, such restriction does not apply to insurance written on this plan, unless it is specifically mentioned. But the legislature has enacted it, it was within its power so to do; be it wise or unwise, we are bound to follow it. The legislature writes the laws, we construe them, and in that construction we are bound to follow the laws as laid down by the legislature, if we can discover what the legislation meant.

In the application claimed in this case to have been submitted to the defendant, as the necessary first step to effectuate the insurance, it is provided:

"Upon payment of the membership fee and the making of the guaranty deposit provided (subject to acceptance of this application by the attorney in fact) the undersigned shall be entitled to membership in FARMERS AUTOMOBILE INTER-INSURANCE EXCHANGE, and to insure one automobile, owned by him, for the kinds of insurance set forth in this application for so long a period as the Exchange shall continue to write such insurance and such applicant shall remain a desirable risk and pay the premiums and other payments required for the renewal hereof."

So, the very application upon which the insurance is based contains therein a notice that as a condition precedent to effecting insurance the membership fee must be paid; second, that it is subject to acceptance by the attorney in fact; third, that upon compliance with these conditions the undersigned shall be entitled to membership in the company, and to insurance on one automobile owned by the applicant for the matters therein set out. It is not claimed by the plaintiff that she paid the guaranty deposit, which

would entitle her to membership. Notice is expressly given in the application that the acceptance of the insurance is subject to the acceptance of the application by the attorney in fact. The claim of the plaintiff is that this was waived by the local office to which the application was made for the purpose of. forwarding to the attorney in fact in Los Angeles, California. The question then arises, can the plaintiff claim, where she has absolute notice that she is not to receive insurance or become a member of the company except upon the approval of the attorney in fact, that she did become entitled to all the benefits of that membership because some one, having no further power in this regard than a local soliciting agent, arranged it otherwise? If so, then a contract can be made between the defendant company and the person claiming the insurance in a manner other than that provided in the application itself and the statute under which it organized. The application is simply a proposal to the defendant to be accepted as a member of the corporation; and to be insured under certain conditions. What figure then does section 9103 cut in the matter? Is it applicable? If not, then this defendant, by the statute allowing its organization, can be compelled to enter into a contract by other ways and means than is provided in the proposal made by the party desiring the insurance.

Following the making of the application, under date of July 17, 1933, the plaintiff received a card bearing the Des Moines post office mark of the same date; the card reading as follows:

"July 17, 1933

"Dear Assured: Many thanks for the insurance on your car, effective July 12th. 1933 policy #416058. Your policy will reach you in about 15 days. This is your Company and your practical method of 'cutting overhead.' The protection, savings and service of the Exchange are available to you. Thank you.

"Farmers Automobile Inter-Insurance Exchange

"Insurance Exchange Bldg., Des Moines, Iowa."

A photograph of the card is attached and made a part of the record upon which the case is heard here. The side upon which the communication is written is in typewriting. The part starting with the heading and running down to and including the words "Thank you" was all evidently written on one typewriter. The words "Farmers Automobile Inter-Insurance Exchange" are apparently

stamped thereon with an ordinary rubber stamp. The words "Insurance Exchange Bldg. Des Moines, Iowa", apparently are stamped thereon with a different stamp from the other. There is no showing in the record of who sent the card. It is claimed that the accident took place on the evening of the 13th of July, 1933. There appears in evidence in the case, on the letterhead of the defendant, a letter addressed to the plaintiff saying:

"Re: Your application—#416058

"Dear Mrs. Gisin: We have received your application for coverage on a 1932 Chevrolet Sedan.

"We appreciate your desire to join the Exchange but regret to advise we have found it necessary to decline your application for insurance.

"No remittance has been received.

"Thank you.

"Very truly yours."

These are all material matters as to what passed between the parties.

Verbal testimony was introduced tending to prove that the local agents of the defendant here assured the plaintiff that she had been insured, and that it would date back to the time of her application. The way of doing business between the company and its patrons was, that the application would be brought in to the local agent; the local agent filled in the application and put a number on it; the number put on would correspond to the number on the policy when issued, but they had no power to bind the company by any representations other than in accordance with the terms of the statute under which the defendant was organized. If the position of the plaintiff in this case can be sustained, then the defendant can be bound by the acts of its local agents under their general powers as such agents, and reliance for this is based upon section 9004 of the Code of 1931. This section is found under "Insurance other than life". It in no way mentions, excepts, or includes organizations under the statute of which the defendant is organized. Hence they are not applicable under the Schmid case hereinbefore cited. Each side made a motion for a directed verdict. The court overruled the motions and submitted the case to the jury simply as to the amount of damages, holding in effect that the defendant was bound by the acts of its agents as to the insurance being in force from the time of the application.

So, on the whole, we conclude that no binding insurance was ever effected between the defendant and plaintiff. That to hold so would be contrary to the statute 9103, and that we must follow because it is the latest legislative declaration on the subject; and the motion of the defendant for an instructed verdict should have been sustained, and the court erred in submitting the case to the jury.

Many other questions have been argued here in this case, but this construction of the statute, and we think it is correct, makes these questions not applicable here. And hence, for the reasons pointed out, the judgment of the lower court is necessarily reversed. —Reversed.

ANDERSON, C. J., and ALBERT, POWERS, RICHARDS, DONEGAN, and HAMILTON, JJ., concur.