## SESSIONS v. NATIONAL MUT. BEN. ASS'N OF TEXAS.

### No. 12122.

Court of Civil Appeals of Texas. Dallas.

March 6, 1937.

Rehearing Denied April 3, 1937.

Sullivan & Wilson, of Dallas, for appellant.

Simmons & Arnold, of Houston, for appellee.

BOND, Justice.

On December 19, 1934, the appellee, National Mutual Benefit Association, a mutual assessment insurance company, incorporated under the laws of Texas, issued to Whiteley R. Sessions a life insurance policy in the sum of $3,000, payable to his wife, Myrtle T. Sessions, subject to the conditions and provisions set forth in said policy. One of the provisions of the policy, and the only one pertinent here is, as follows:

Section 2:

"If the Insured shall within three years from date this policy becomes effective, or within three years from the date of reinstatement after a lapse thereof, commit suicide, whether sane or insane, the Association shall be relieved of all liability hereunder and this policy shall be null and void, and the Association shall be liable only for the repayment of all sums paid by the insured.

"If the Insured shall within one year from the date this policy becomes effective, or within one year from date of reinstatement after a lapse thereof, die as a result of or caused, or complicated by any form of the following: Heart trouble, kidney trouble, tuberculosis, cancer, apoplexy, liver trouble, diabetes, pellagra, stomach trouble, arterio sclerosis or paralysis, then the Association shall be liable for the payment of only one-half of the amount provided for herein.

"If the Insured shall, within three months from date this policy becomes effective or within three months from the date of reinstatement, after a lapse thereof, die from any cause covered under this policy, then, and in that event, the Association shall be liable only for one-fourth of any benefits herein provided for, subject to all other conditions."

On March 9, 1935, less than three months from the effective date of the policy, the insured died and, in due time; the appellant, Myrtle T. Sessions, the beneficiary named in the policy, made all necessary preliminary steps within the terms and conditions of the policy to claim and demand payment of all benefits arising under the policy, and presented proof of death.

The case was submitted to the trial court without a jury, on a single proposition, i. e., "Whether the beneficiary is entitled to the maximum benefits under said policy, to-wit, $3,000, or is only entitled to one-fourth of the maximum benefits, to-wit, $750." The court determined that issue in favor of appellee, accordingly, entered judgment for appellant for the sum of $750. Appellant appealed.

The same question is here presented, as was presented to the court below, calling for an interpretation of the policy of insurance. The policy on its face provides for the payment of the sum of $3,000 on the death of the insured, subject only to the conditions and provisions set forth in the policy. The provisions quoted above obviously exempt the association from the payment of any benefits, if death results from suicide within three years from its effective date; one-half of the benefits, if death results from any of the specifically named diseases within twelve months; and one-fourth of the benefits, if death results from any cause covered under the policy within three months. The specifically named causes of death, as listed in the quoted provision as well as all other causes of death, except suicide within three years, are covered under the policy from its effective date, thus, if death results from any cause, except suicide, within three months of the life of the policy, it is plainly provided, we think, that only one-fourth of the maximum benefits provided therein shall be payable to the beneficiary; and, if death results thereafter from any of the specifically named causes and within twelve months, one-half of the benefits shall be paid; and, if death results from suicide within three years, none of the benefits shall be paid. It is conceded that the insured did not die from any of the specially named diseases, but died from causes covered by the policy, not suicide, thus, under the language of the policy, the beneficiary was only entitled to one-fourth of the maximum amount of the benefits provided therein. The trial court correctly interpreted the policy and its terms and conditions not inhibited by law; therefore, the judgment of the lower court is affirmed.

Affirmed.