HOME OWNERS LOAN CORPORATION, Petitioner, v. DISTRICT COURT OF WOODBURY COUNTY, F. H. RICE, Judge, Respondents.

No. 43836.

270

John P. Tinley, Jr., and Berry & Berry, for petitioner.

Baron & Bolton, for respondents.

MITCHELL, J.—On the 18th day of August, 1936, the Home Owners Loan Corporation filed its petition in equity in the District Court of Iowa, in and for Woodbury county, against John Brodkey and Mollie Brodkey, praying for judgment upon a certain promissory note dated February 1, 1934, and also asked for the foreclosure of a real estate mortgage given as security for the payment of the said note.

On September 21, 1936, John Brodkey and Mollie Brodkey filed a motion, asking that the court continue this cause until March 1, 1937, under the terms of the moratorium act. The Home Owners Loan Corporation on September 26, 1936, filed a resistance, setting forth that the note and mortgage sued upon are dated February 1, 1934, and that the specific terms of section 4 of the moratorium act, chapter 115 of the 46th General Assembly, do not apply to any mortgage or deed of trust executed subsequent to January 1, 1934. On October 1, 1936, John Brodkey and Mollie Brodkey filed an answer to the resistance, claiming that section 4 of the act did not apply to their note and mortgage.

On the 8th day of October, 1936, the Hon. F. H. Rice, Judge of the District Court in and for Woodbury county, granted the continuance. Thereafter the Home Owners Loan Cor-

poration filed in this court its petition for writ of certiorari, which writ was issued, commanding a return thereto on or before November 1, 1936.

The facts in this case are not in dispute. The note and mortgage sued upon bear the date of February 1, 1934. Section 4 of the moratorium act, passed by the 46th General Assembly, is as follows:

"Section 4. The provisions of this act shall not apply to any mortgages or deeds of trust executed subsequent to January 1, 1934, nor shall it apply to mortgagors or mortgagors under deeds of trust who acquired the real estate subsequent to January 1, 1934, except only in cases where continuances have already been granted by court order under chapter one hundred eighty-two (182) of the Acts of the Forty-fifth General Assembly of Iowa."

There is no claim in this case that any continuance had heretofore been granted.

This court has laid down some very definite rules, relative to statutory construction, that the language used in the statute must be construed according to its plain and ordinary meaning. In the very recent case of Smith v. Sioux City Stock Yards Co., 219 Iowa 1142, at page 1149, 260 N. W. 531, 534, this court said:

"Where the language of a statute is plain and unambiguous, there is no occasion for construction, even though other meanings could be found; and the court cannot indulge in speculation as to the probable or possible qualifications which might have been in the mind of the legislature, but the statute must be given effect according to its plain and obvious meaning, and cannot be extended beyond it because of some supposed policy of the law, or because the legislature did not use proper words to express its meaning, or the court would be assuming legislative authority."

In the case of Hahn v. Clayton County, 218 Iowa 543, at page 551, 255 N. W. 695, 699, this court said:

"One of the first and most controlling maxims of construction, however, is that, where the language of a statute is plain and unambiguous, there is no room for construction. As said in 12 C. J., 1302:

" 'Construction can only be employed for the discovery of the true intent and meaning of an instrument, and when the language is plain there can be no construction, because there is nothing to construe; hence, the term can have no application to a statute in which there is nothing doubtful or ambiguous in its terms.' "

There can be no doubt as to the meaning of section 4 of the moratorium act passed by the 46th General Assembly, when we consider the use of the words "shall not apply to any mortgages or. deeds of trust executed subsequent to January 1, 1934." That meant that mortgages and deeds of trust. executed thereafter did not come within the provisions of the act.

In the case of Gisin v. Farmers Automobile Inter-Insurance Exchange, 219 Iowa 1373, at page 1377, 261 N. W. 618, 620, this court said:

"The legislature writes the laws, we construe them, and in that construction we are bound to follow the laws as laid down by the legislature, if we can discover what the legislation meant."

So we are bound to follow the statute as enacted by the legislature, in this case.

█▌█ The respondent says that the district court had jurisdiction of the subject-matter and of the parties, and had the legal right to rule on the motion for continuance, and that, if the court erred, the petitioner should have appealed rather than to have sued out a writ of certiorari. In the case of National Benefit Acc. Assn. v. Murphy, 222 Iowa 98, at page 101, 269 N. W. 15, 17, we find this court said:

"In Davis v. District Court et al., 195 Iowa 688, 693, 192 N. W. 852, 854, we said: 'It is discretionary with the court whether a rule (for the production of documentary evidence) shall be entered, and, so far as the court confines its ruling within the discretion allowed by statute, or it is merely erroneous, it is not subject to review in this court by an original proceeding in certiorari. (Citing cases.) If, however, the order goes beyond the discretion and authority of the court, and thereby becomes illegal, or the court exceeds its jurisdiction, it is subject to review by certiorari.' (Citing cases.)

"Appellants contend that because, in refusing to approve the amendment in question, they were exercising judicial powers

as well as acting in an administrative capacity, their acts cannot be reviewed on certiorari. With this contention, we cannot agree. Even if the appellants be honest in their refusal to approve the amendment in question, and neither the appellee nor the court question their honesty in this matter, it is at least possible that they may have given a wrong interpretation to and made a wrong application of the law, and, in so doing, have deprived the appellee of a right to which it is entitled under the law. If this be true, the appellants are acting illegally, under our decisions, and the appellee's remedy for the wrong suffered is by a review under a writ of certiorari.''

■■■ It must be kept in mind there is no dispute as to the facts in this case. The purpose of a writ of certiorari is not to review mere errors on the part of the lower court but its function is to annul proceedings where it appears that an order of the lower court is invalid because that court has exceeded its proper jurisdiction or otherwise acted illegally. In the case at bar, under the plain language of the moratorium act, passed by the 46th General Assembly, no power was ever vested in the district court to grant a continuance where the note and mortgage sued upon were executed after January 1, 1934. The note and mortgage in this case bore the date of February 1, 1934. In entering the order the respondent Judge has deprived petitioner of the right to proceed with its mortgage foreclosure action and to have its case tried on the merits. The district court was without jurisdiction to order a continuance of petitioner's cause of action, and in so doing acted illegally and beyond the power conferred upon it by the moratorium act.

It necessarily follows that the writ must be sustained.— Writ sustained.

RICHARDS, C. J., and DONEGAN, ANDERSON, HAMILTON, and PARSONS, JJ., concur.