## McCOY UNDERTAKING CO. v. AMERICAN CAS. & LIFE CO.

### No. 15337.

Court of Civil Appeals of Texas.
Fort Worth.

April 4, 1952.

Rehearing Denied May 2, 1952.

J. A. Collier, Fred Lewis, and Morris Pepper, all of Houston, for appellant.

Baker, Botts, Andrew & Parish; and Francis G. Harmon, all of Houston, for appellee.

EARL P. HALL, Chief Justice.

Appellee, American Casualty and Life Company, was incorporated under the provisions of Chapter 8A, Article 4859f, sections 1 to 20 inclusive, and Article 5068–1, Acts of the 46th Legislature, as a state-wide mutual life, health and accident company. It issued the policy of insurance in question to Samer Orsot on March 26, 1945, which was in force at the time Samer Orsot died of a natural cause on October 18, 1950, at the age of sixty-three years.

Appellant was plaintiff below as assignee of the beneficiary under said policy. Among other provisions in the policy there is inserted the following:

"Section B—Maximum Indemnities

"Natural Death Benefit—Maximum $300.00

"Payable $100.00 after 1st policy anniversary and increasing a like sum each year until the above maximum is reached—and effective only while the herein named insured is between the ages 18 and 60 and subject to all terms provisions and limitations contained in this contract.

\*　　\*　　\*　　\*　　\*　　\*

"Death from Natural Causes

"(II) Upon receipt of due proof of death of the insured as herein provided from any cause not otherwise specified and provided for in Section A hereof, and while the insured is be-

tween the ages of 18 and 60, and during the continuation of this policy, the death benefit will be paid as follows: After the policy has been in continuous force for one year from the date hereof, one hundred dollars, and shall increase one hundred dollars each year thereafter that it is kept in continuous force and effect until the maximum Natural Death Benefit, as set out in Section B, is reached * * *."

The trial court rendered judgment in favor of appellee, holding that the policy of insurance sued upon was a health and accident policy and that the above provisions did not within themselves contain the substance of life insurance. By such action it further denied appellant recovery because the insured was over the age of 60 when he died.

Appellant's four points consist in the main that:

1. The trial court erred in concluding as a matter of law that the policy of insurance in question was not a combination life, health and accident policy.

2. The trial court erred in concluding as a matter of law that the natural death benefit section of the policy, supra, was a valid provision which was only payable in the event the named insured died between the specific ages of 18 and 60 and was not violative of any provisions of Article 4859f or 5068–1. That provisions of Article 4733 applied to the policy in question.

All of the hereinafter enumerated statutes have been repealed and incorporated in The New Insurance Code, effective September 7, 1951, and as annotated in Vernon's Texas Civil Statutes as follows: Provisions of Article 4733 are brought forward in Article 3.45; Article 5068–1 begins with Article 14.01 through 14.60, with several omissions; Article 4859f begins with Article 13.01; and Article 5068–2 is now Article 14.20.

We are neither called upon here nor do we comment upon legality of the New Insurance Code provisions; neither do we find that its provisions affect the contract before us.

Appellant's contention is that since death of the insured was from a natural cause, the law applicable to life insurance companies should govern instead of the law pertaining to statewide mutual companies. It contends that provisions of Article 4733, referring only to life insurance policies, should apply here, to-wit:

"No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company incorporated under the laws of this State, if it contains any of the following provisions:

* * * * * *

"3. A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, * * *."

The last sentence of Section 19, Article 4859f, under which statute appellee was organized and chartered, was as follows: " * * * Except as herein expressly provided, no insurance law of this State shall apply to any corporation operating under this Act, and no law hereafter enacted shall apply to them unless they be expressly designated therein." This provision prevents other general or special insurance laws from applying to mutual companies, such as the one in question, unless such general or special laws pertaining to insurance expressly designate they are to so apply. This rule, however, does not place said companies beyond the law of respondeat superior or being exempt from the principles of our general laws. Hassell v. Commonwealth Casualty and Insurance Co., 143 Tex. 353, 184 S.W.2d 917. There is stated in the case of Empire Insurance Company of Texas v. Cooper, Tex.Civ.App., 138 S.W.2d 159, 163, writ dismissed, this language: "This policy is not controlled by the provisions of subdivision 3 of article 4733 for the reason that Chapter 6, Title 78 provides in article 4788 that a mutual assessment company organized under this chapter and title 'shall be subject only to the provisions of this chapter'", and the authorities therein set out are here adopted.

Our Legislature later passed Article 5068–1, which pertained to provisions of the

law applicable to mutual assessment companies, such as the one before us, a portion of Section 9 having read:

"Every policy or certificate of insurance issued by an association shall state definitely on the front page the amount of death benefit to be paid, and the circumstances or conditions under which it shall be paid shall be plainly stated in the policy. Every health, accident or other benefit shall be plainly stated in the policy, and the terms and conditions under which they shall be paid shall be stated plainly in the policy. * * *

" * * * Each certificate must provide that it shall be incontestable, after having been in force during the lifetime of the insured for a period of two years from date of issue, except for non-payment of assessments; provided, however, any association may issue a certificate providing a benefit less than the maximum benefit named in the face of the certificate in case of the death of the member by his own hand while sane or insane. * * *"

Appellant contends exceptions enumerated in Article 5068–2 did not include one to the effect that the insured must die between the ages of eighteen and sixty in order to recover the natural death benefit. In other words, appellant's contention is that a company of this character is limited to the reduced benefits enumerated in the provisions of said Article 5068–2.

Appellant cites no case which holds that a mutual assessment insurance company may not properly include conditions, limitations or exceptions in their policies of life insurance other than those referred to in this statute, and we have found no such cases. There are a number of decisions, however, which hold that a mutual assessment insurance company may provide reasonable limitation of liability in their policies of life insurance, as cited by appellee: Imperial Life Insurance Company v. Cartwright, Tex.Civ.App., 119 S.W.2d 683; Bankers Life and Loan Association v. Bond, Tex.Civ.App., 113 S.W.2d 1001;

Bankers Life and Loan Association v. Chase, Tex.Civ.App., 114 S.W.2d 374; Castel v. First States Life Company, Tex.Civ.App., 122 S.W.2d 1113; Imperial Life Insurance Company v. Thornton, Tex.Civ.App., 138 S.W.2d 295, writ dismissed; American Bankers Life Insurance Co. v. Baker, Tex.Civ.App., 126 S.W.2d 56, error dismissed; Sessions v. National Mutual Benefit Association, Tex.Civ.App., 103 S.W.2d 815.

Article 4733 specifically prohibited excluded risks or limitations of benefits, while Article 5068–1, Section 9, specifically provided that the circumstances under which death benefits shall be paid must be plainly stated in the policy, indicating that a limitation of benefits and excluded risks were contemplated.

Article 5068–2 enumerated a number of exceptions or limitations which may have been included in a life insurance policy issued by companies such as appellee, with approval of the Board of Insurance Commissioners, but it did not provide that those exceptions or limitations were the only ones permitted, as did the provisions in Article 4733, Section 3. We interpret the Legislature's intent was to grant specific authorization for such limitations enumerated therein.

It is noted in Section 12 of Article 4859f that such a company could write no policy of insurance calling for a maximum benefit in excess of $5,000, without meeting certain requirements. In Article 5068–1, under Section 9, such authority to write life insurance was reduced as follows: "It shall be unlawful for any association to assume liability on a life insurance risk on any one life in an amount in excess of Five Thousand ($5,000.00) Dollars." It may be said that by limiting the amount of insurance that could have been written upon the life of a person was one of the reasons why the Legislature did not specifically prohibit such companies from including a reasonable limited natural death benefit clause as was provided in Article 4733.

Finding the trial court did not err, the judgment is affirmed.