**STATE of Texas, Petitioner,**

v.

**NATIONAL LLOYDS, Respondent.**

No. A–9504.

Supreme Court of Texas.

June 19, 1963.

Waggoner Carr, Atty. Gen., Dudley D. McCalla and Joe Long, Asst. Attys. Gen., for petitioner.

F. L. Kuykendall, Austin, for respondent.

WALKER, Justice.

National Lloyds, respondent, brought this suit against the State to recover $6,554.50, alleged to be excess taxes paid under Article 7064, Vernon's Ann.Tex.Civ.Stat. At the conclusion of a non-jury trial the district court rendered judgment in favor of respondent, and the Court of Civil Appeals affirmed. 364 S.W.2d 465.

The pertinent provisions of Article 7064 are quoted in the margin.[1] On or before March 1, 1960, National Lloyds paid without protest its tax in the amount of $7,893.53 on business done in 1959. The tax was

---

1. "Every insurance corporation * * * at the time of filing its annual statement, shall report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this State or on risks located in this State during the preceding year, and each of such insurance carriers shall pay an annual tax upon such gross premium receipts of 3.85% * * *; and the gross premium receipts where referred to in this law shall be the total gross amount of premiums received on each and every kind of insurance or risk written, except premiums received from other licensed companies for reinsurance, less return premiums and dividends paid policyholders * * *. The gross premium receipts, as above defined, shall be reported * * * to the Board * * *

upon the sworn statements of two (2) principal officers of such carriers. Upon receipt * * * of the sworn statements * * *, the Board of Insurance Commissioners shall certify to the State Treasurer the amount of taxes due by each insurance carrier which tax shall be paid to the State Treasurer on or before the first day of March following, * * *.

" * * *; if the report shows such insurance organization had invested in such Texas securities on such date an amount which is in excess of ninety per cent (90%) of the amount that it had invested in similar securities in the State in which it then had the highest percentage of its admitted assets invested, its tax shall be 1.1% of such gross premium receipts * * *."

determined by applying the effective rate of 1.1% to the company's gross premium receipts, computed as provided in the statute. In 1960 the premiums returned and dividends paid to policyholders on policies written during 1959 exceeded the company's gross receipts by $595,863.93. National Lloyds contends that in these circumstances the State must refund the 1.1% tax previously paid on such excess. It says that under the provisions of the statute the State becomes indebted to the taxpayer for any taxes paid on premiums later returned or paid out as dividends to policyholders, and that this indebtedness must be satisfied either by allowing credit on the tax for subsequent years or by a refund in cash. The Court of Civil Appeals upheld this contention. It reasoned that the statute is ambiguous and concluded that the same should be so construed that the eventual yield to the State will be the stipulated percentage of the net premiums finally retained by the company on each separate risk assumed. We do not agree.

Insurance companies required to pay the tax imposed by Article 7064 are specifically exempted from payment of franchise taxes. Article 12.03 V.A.T.S. Tax.-Gen. The gross premiums tax like the franchise tax is a charge which corporations subject thereto must pay for the privilege of engaging in business in Texas, and the levy is made annually. Article 7064 declares quite plainly that every insurance corporation shall report the gross amount of premiums received *during the preceding year* and pay an *annual tax upon such gross premium receipts.* "Gross premium receipts" are then defined as the total gross amount of premiums received less return premiums and dividends paid policyholders.

■ From a reading of the entire statute, it seems clear to us that each year must be treated as a separate entity for the purpose of ascertaining the tax due. "Gross premium receipts" are computed by deducting premiums and dividends returned or paid during the preceding year from the total premium receipts for the same period. The balance remaining is then multiplied by the applicable rate to determine tax liability. No tax is owing if the return premiums and dividends exceed the receipts for the year, but it does not necessarily follow that the taxpayer has a valid claim against the State for any taxes previously paid on the excess.

We are dealing with a statute which purports to levy an annual tax. If the Legislature had intended to require a refund of taxes properly paid in prior years, it is reasonable to assume that this intention would have been expressed in plain language. In the interrogation of witnesses and in the argument on appeal, counsel for respondent has referred to a tax credit which he says is allowed for return premiums and dividends. His theory is that the amount of tax owing is computed on the basis of total premium receipts, and that the company is then given an offsetting claim against the State for any tax theretofore paid on return premiums and dividends. He says that it is immaterial whether this claim is satisfied by allowing the company credit on its tax for the current year or by payment in cash where no tax is due.

■ That is not the plan established by the Legislature. Art. 7064 provides a simple and workable formula for calculating the tax, which is based on "gross premium receipts" for the preceding year. According to the definition set out in the statute, "gross premium receipts" was used by the Legislature to mean net taxable receipts. Return premiums and dividends are deducted from total premium receipts to determine the net amount of business on which the company will be required to pay a tax, but this is the only "credit" which the taxpayer receives for such items. They are not mentioned elsewhere in the statute, and there is no provision suggesting that a claim may be asserted against the State when return premiums and dividends exceed total receipts for the year. It is our opinion that the Legislature did not intend to au-

thorize a refund of taxes computed and paid in accordance with the statutory formula, or the recognition of a "tax credit" which may be carried back to prior years or forward to subsequent years. While unnecessary to a decision of the case, we note that the views here expressed are consistent with the departmental construction of the statute by the State Board of Insurance.

The judgments of the courts below are reversed, and judgment is here rendered that respondent take nothing.

