

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 10, 1968

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-188

Re: Whether certain insurance
companies which pay a gross
premium receipts tax are sub-
ject to limited sales and use
Dear Mr. Calvert:                    tax.

You have requested an opinion as to whether two certain
insurance companies which pay a gross premium receipts tax are
also liable for the limited sales, excise and use tax.[1]  The
first company writes fire and casualty insurance and is subject
to the gross premium receipts tax imposed by Article 7064.[2]  The
second company writes life insurance and is subject to the gross
premium receipts tax imposed by Article 4769.[3]

Our opinion is that each of these insurance companies
is subject to the sales and use tax.

Article 7064 imposes a gross premium receipts tax on
certain insurance companies other than life, and contains the
following relevant provisions:

"No occupation tax shall be levied on
insurance companies herein subjected to the
gross premium receipt tax by any county,
city or town.  . . . The taxes aforesaid
shall constitute all taxes collectible under

---

1.  Chap. 20, Title 122A, Taxation-General, V.A.C.S.

2.  All references to Articles are to Vernon's Civil Statutes.

3.  Art. 4769 is shown at page 484 of Volume 14A, V.A.C.S. (1963).

> the laws of this State against any
> such insurance carriers . . . No
> other tax shall be levied or collected
> from any insurance carrier by the state,
> county, city or any town, but this law
> shall not be construed to prohibit the
> levy and collection of state, county and
> municipal taxes upon the real and personal
> property of such carrier. . . ." (Emphasis added.)

Article 4769 imposes a gross premium receipts tax on certain insurance companies and contains the following relevant provisions:

> ". . . Such taxes shall be for and on
> account of business transacted within this
> State during the calendar year ending December
> 31st, . . . The taxes aforesaid shall constitute
> all taxes and license fees collectible under
> the laws of this State from any such insurance
> organization, not organized under the laws of
> this State, . . . and no other taxes shall
> be levied or collected by the State or any
> county, city, or town, except State, county
> and municipal ad valorem taxes upon real
> or personal properties of such insurance
> organizations." (Emphasis added.)

Each of the companies claim to be exempt from the sales and use tax by reason of the provisions in both Article 7064 and 4769 to the effect that only the gross premium taxes and the other taxes specifically named in said Articles may be imposed upon the companies. We do not agree with this contention.

Our construction of these Articles is that these provisions exempt the companies covered by them from,

> (1) any other occupation, privilege or
> franchise tax which might be imposed upon
> them by reason of their engaging in any type
> of insurance business subjected to the gross
> premium receipts taxes by either of these
> Articles;

> (2)  the other specific taxes named in said Articles, none of which relate either primarily or exclusively to either insurance companies or the business of writing insurance.

The exempt language simply means that the companies which pay the gross premium receipts taxes are not subject to any other types of occupation, privilege, or franchise taxes.

Our Supreme Court in Hassell v. Commonwealth Casualty & Ins. Co., 143 Tex. 353, 184 S.W.2d 917, 919 (1945), wherein the court considered similar language of Section 19 of Article 4859f which read,

> "Except as herein expressly provided, no insurance law of this State shall apply to any corporation operating under this Act, and no law hereafter enacted shall apply to them unless they be expressly designated therein."

The Court then said,

> "The provisions of the foregoing sections do not exempt mutual companies from the law of respondeat superior, or from any of the principles of general law.  The provisions referring to 'insurance law' do not have the effect to place the subject companies beyond the pale of the general law of agency.  Calhoun et al. v. The Maccabees, Tex.Com. App., 241 S.W. 101."  (Emphasis added.)

This same statutory provision was again construed to the same effect in the later case of McCoy Undertaking Co. v. American Cas. & Life Co., 248 S.W.2d 311, 313 (Tex.Civ.App. 1952, error dism.).

This was the rationale of our holding in Attorney General's Opinion No. C-590 (1966).

Our Supreme Court has recognized the similarity of the gross premium receipts tax and the franchise tax. The Court has stated,

> "Insurance companies required to pay the tax imposed by Article 7064 are specifically exempted from payment of franchise taxes. Article 12.03 V.A.T.S. Tax.-Gen. The gross premiums tax like the franchise tax is a charge which corporations subject thereto must pay for the privilege of engaging in business in Texas, and the levy is made annually. . . ."
> State v. National Lloyds, 368 S.W.2d 765, 766 (Tex.Sup. 1963).

We do not believe that the Legislature intended that insurance companies operating under either Article 7064 or Article 4769 should be exempt from general tax laws which are not related primarily to operating as an insurance company. For example, an insurance company would not be exempt from paying gasoline taxes on gasoline used by company automobiles, or state sales tax on items of furniture, equipment and supplies purchased for use in the business.

The sales and use tax is wholly different in its nature from the gross premium receipts taxes paid by the insurance companies in question which are in the nature of franchise, privilege or occupation taxes. The sales and use tax is a transaction tax. Calvert v. Canteen Company, 371 S.W.2d 556, 558 (Tex.Sup. 1963). Neither does the sales and use tax bear any particular relationship to the business of insurance.

On the other hand, the sales and use tax is a general tax which provides in Article 20.04 the only exemptions from its coverage. These exemptions are specific in their nature and we find nothing in them which exempts any type of insurance company from their terms. The very completeness of the taxing scheme as set out in the sales and use tax act, together with the clear, specific and limited exemptions from that Act, support our opinion. State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238, 242-243 (1943).

## SUMMARY

Insurance companies subject to the gross premium receipts taxes imposed by Articles 7064 and 4769, Vernon's Civil Statutes, are also subject to the Limited Sales, Excise and Use Tax imposed by Chapter 20 of Title 122A, Taxation-General of said statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

WEA:tb

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Robert Davis
Ralph Rash
Brandon Bickett

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.