

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 15, 1971

Honorable Ned Price
Chairman, State Board of Insurance
1110 San Jacinto
Austin, Texas    78701

Opinion No. M-954

Re: Whether S.B. 31, Acts 62nd
Leg., R.S. 1971, Ch. 100
p. 843, "The Texas Catastrophe
Property Insurance Pool Act,"
requires that reciprocal or
inter-insurance exchanges be
members of the Texas Catas-
trophe Property Insurance
Association?

Dear Mr. Price:

You have requested an opinion from this office on the following question:

"Does S.B. 31, Acts 62nd Leg., R.S. 1971, Ch. 100 p. 843, known as the 'Texas Catastrophe Property Insurance Pool Act', require that reciprocal or inter-insurance exchanges be members of the Texas Catastrophe Property Insurance Association?"

Three separate Acts of the Regular Session of the 62nd Legislature, 1971, must be considered in answer to your question. They are, first: Senate Bill No. 31, Chapter 100, page 843, known as the "Texas Catastrophe Property Insurance Pool Act" codified by Vernon as Article 5.54-1 of the Texas Insurance Code, which was enacted to provide a facility for insurance so that homeowners and other risks on the Gulf Coast and other areas could obtain windstorm, hail and fire insurance.

Section 4 (a) of this Act created the Texas Catastrophe Property Insurance Association, and reads as follows:

"The Association which is hereby created shall consist of all property insurers authorized to transact property

-4667-

insurance in this State, except those companies that are prevented by law from writing coverages available through the pool on a Statewide basis.  Every such insurer shall be a member of the Association and shall remain a member of the Association so long as the Association is in existence, as a condition of its authority to transact the business of insurance in this State.  Any insurer which ceases to be a member of the Association shall remain liable on contracts of insurance entered into during its membership in the Association to the same extent and effect as if its membership in the Association had not been terminated. "

Section 14 of Senate Bill No. 31 reads as follows:

"All laws or parts of laws in conflict herewith are hereby repealed to the extent necessary to accomplish the purposes of this Act. "

Under Section 16 of Senate Bill 31, it became effective April 29, 1971.  Its final passage through both the Senate and the House was during the month of April, 1971.

Second: thereafter, the 62nd Legislature enacted Senate Bill 921, which amended Senate Bill 31, and which reads as follows:

"Section 1.  S. B.  31, enacted by the Regular Session of the 62nd Legislature, is hereby amended by adding Sections 17 and 18 thereto, said sections to read as follows:

'Sec.  17.  This Act is hereby codified as Article 21. 49 of the Texas Insurance Code.

'Sec.  18.  This Act does not apply to farm mutual insurance companies, as defined in Article 16. 01 of the Insurance Code, nor does it apply to any existing company chartered under old Chapter 12, Title 78, Revised Civil Statutes of Texas, 1925, repealed by Chapter 40, Acts of the 41st Legislature, 1st Called Session, 1929, Chapter 40. '

"Section 2.   The fact that S. B.  No.  31 has been enacted by the Regular Session of the 62nd Legislature,  and the further fact that the codification herein directed and the exemptions herein contained should have been included in the original bill,  create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and this Rule is hereby suspended; and that this Act take effect and be in force from and after its passage,  and it is so enacted. "

This Senate Bill 921 passed the Senate on April 20,  1971,  and the House on May 21,  1971.  It was approved by the Governor on June 15, 1971 and was effective immediately.

Third:  House Bill No.  636,  which reads as follows:

"Section 1.   Article 19. 12,  Texas Insurance Code,  as amended,  is amended to read as follows:

'Art.  19. 12 .   Exemption from Insurance Laws with Limitations

'Reciprocal or inter-insurance exchanges shall be exempt from the operation of all insurance laws of this State except as in this Chapter specifically provided,  or unless reciprocal or inter-insurance exchanges are specifically mentioned in such other laws.   In addition to such Articles as may be made to apply by other Articles of this Code,  reciprocal or inter-insurance exchanges shall not be exempt from and shall be subject to all of the provisions of Section 5 of Article 1. 10 and of Article 1. 15 and of Article 1. 16 and of Article 5. 35 and of Article 5. 36 and of Article 5. 37 and of Article 5. 38 and of Article 5. 39 and of Article 5. 40 and of Article 6. 12 and of Article 8. 07 of this Code. '

"Sec.  2.   The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each house be suspended,  and this Rule is hereby suspended,  and that

this Act take effect and be in force from and after its passage, and it is so enacted. "

This House Bill 636 passed the House on May 6, 1971, and the Senate on May 27, 1971. It was approved on June 15, 1971, and became effective immediately.

House Bill 636, being the latest expression of the Legislature, will prevail over any conflicting provisions in Senate Bill 31 and 921. Ex parte De Jesus De La O, 227 S. W. 2d 212 (Tex. Crim. 1950); Attorney General's Opinion No. V-990 (1950).

It is noted in reading Senate Bill 31, that such bill does not specifically mention reciprocal or inter-insurance exchanges, and we will need to consider what effect House Bill 636, supra, exempting reciprocal or inter-insurance exchanges, would have as to whether or not reciprocal or inter-insurance exchanges are exempt from the provisions of Senate Bill 31, supra, which states:

> "The Association which is hereby created shall consist of all property insurers authorized to transact property insurance in this State, except those companies that are prevented by law from writing coverages available through the pool on a Statewide basis.  . . ."

While we find no Texas cases dealing with this particular point, the case of Gisin v. Farmers Automobile Inter-Insurance Exchange, 219 Iowa 1373, 261 N. W. 618 (1935) is persuasive. In construing a statute similar to House Bill 636, supra, that Court said:

> "The effect of this provision, section 9103, then, seems to be that the various provisions of the Code in reference to insurance are not applicable to insurance of the character claimed in this suit; that is, written by the defendant. This provision in the statute, section 9103, then puts insurance in reciprocal companies on an entirely different footing from insurance in other organizations. Whether this be wise or not, it is not for us to say. The Legislature of the State of Iowa has seen fit to create in this chapter an entirely different rule than is applicable to

other insurance organizations, and wherever a restriction
is placed by a law upon other insurance companies doing
business, such restriction does not apply to insurance
written on this plan, unless it is specifically mentioned.
. . . " (at p. 620)

In McCoy Undertaking Co. v. American Cas. & Life Co., 248 S. W. 2d
311 (Tex. Civ. App. 1952, error dism.) the Texas Court passed upon a pro-
vision of the statute which exempted statewide mutual life, health, and
accident companies from other insurance laws, and stated:

"The last sentence of Section 19, Article 4859f, under
which statute appellee was organized and chartered, was as
follows: '. . . Except as herein expressly provided, no
insurance law of this State shall apply to any corporation
operating under this Act, and no law hereafter enacted shall
apply to them unless they be expressly designated therein.'
This provision prevents other general or special insurance
laws from applying to mutual companies, such as the one in
question, unless such general or special laws pertaining to
insurance expressly designate they are to so apply. . . ."
(at p. 313) (Emphasis added)

Under the holdings in the above cases, it appears that the provisions
of Senate Bill 31, supra, are not applicable to reciprocal or inter-insurance
exchanges, as such type insurance companies are on a different footing
than the other insurance companies and are not mentioned therein.

As Senate Bill 31 which created the Catastrophe Property Pool, and
House Bill 636, which amended Article 19. 12 of the Texas Insurance Code,
providing the exemption applicable to reciprocal insurance companies,
were both enacted during the 1971 Regular Session of the Legislature, we
must give effect to the intention of the Legislature in so enacting them
whereby both Acts will stand to the extent that they may be harmonized.

In the case of State v. Dyer, 145 Tex. 586, 200 S. W. 2d 813 (1947)
the Court in speaking on statutes enacted by the Legislature at the same
session, at page 817, stated:

"The rule most helpful in the determination of the question
presented in this case, is thus expressed in a very early

decision: 'These statutes, being in pari materia, and relating
to the same subject, are to be taken together and so construed,
in reference to each other, as that, if practicable, effect may
be given to the entire provisions of each.   . . . The object of
the rule is to ascertain and carry into effect the intention of
the Legislature, and it proceeds upon the supposition that the
several statutes relating to one subject were governed by
one spirit and policy, and were intended to be consistent and
harmonious in their several parts and provisions. ' Neill v.
Keese, 5 Tex. 23, 32, 33, 51 Am Dec. 746

"The rule applies even though the statutes were enacted
at different sessions of the legislature.  (Citations omitted)
It applies with peculiar force to Acts passed at the same session.
(Citation omitted) As to such Acts, it has often been held that
the court, in seeking the legislative intent, will read them
together as if they were embraced in one Act.  (Citations omitted)"
(Emphasis added. )

When we apply these basic rules to the present situation, we find
that Senate Bill 31 requires "all property insurers" to be members of the
Pool, with no definition to the term "property insurers" but with a sub-
sequent general provision repealing those laws in conflict therewith.  At
the same session, the Legislature enacted House Bill 636 amending
Article 19.12, which continued the express provision that reciprocals are
exempt from all insurance laws "except as in this Chapter specifically
provided, or unless reciprocal or inter-insurance exchanges are spe-
cifically mentioned in such other laws. " We are of the opinion that the
only rational conclusion is that both laws are to be given effect, with the
result that Senate Bill 31 will require all property insurers other than
reciprocals and those companies exempted by Senate Bill 921, supra, and
those companies prevented by law from writing coverages through the
pool to be members.  It is our opinion that in this way both Senate Bill 31
and House Bill 636 can be given effect and accordingly reconciled.

## SUMMARY

Under the provisions of H. B. 636, Acts of the 62nd Leg.,
R. S. , 1971, reciprocal or inter-insurance exchanges are
exempt from the provisions of S. B. 31, Acts of the 62nd
Leg. , R. S. , 1971, "The Texas Catastrophe Property In-
surance Pool Act. "

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Davis
Jim Swearingen
Fisher Tyler
Roland Allen

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant